MAGARELL v. MAGARELL.

1. DIVORCE—NONSUPPORT—EVIDENCE.
   In suit for divorce on ground of nonsupport, evidence failed
   to sustain charge of nonsupport.

2. SAME—EXTREME CRUELTY—EVIDENCE.
   Wife's claim of extreme cruelty because husband called her
   an ugly name may not be maintained, where it appears he
   was justified in so doing.

3. SAME—CONDONATION—BREACH OF CONDITION.
   Conditions of condonation of previous misconduct of wife
   with another man were breached where a few days before
   filing bill for divorce she informed defendant that such man
   who owned the house where they were living was released
   from military service, was coming there and that she was
   going to live with him, hence condonation was not a defense
   to her.

4. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER—EXTREME
   CRUELTY—EVIDENCE.
   Plaintiff wife's unfitness to have custody of children of the
   parties and extreme cruelty toward defendant entitling
   him to a divorce *held*, sufficiently shown by other testimony
   than that of defendant.

5. SAME—CUSTODY OF CHILDREN—FITNESS OF PARENTS.
   Custody of 2 daughters, children of parties to suit for divorce
   is awarded father where he is shown to be a fit person to
   have their custody and evidence shows mother to be an
   unfit person for such custody.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  17 Am Jur, Divorce and Separation, § 107.
[2]  17 Am Jur, Divorce and Separation, § 63.
[3]  17 Am Jur, Divorce and Separation, §§ 197, 213.
[3]  Condonation of cruel treatment as defense in divorce action.
     14 ALR 931; 98 ALR 1354.
[4, 5]  17 Am Jur, Divorce and Separation, § 683.

6. SAME—PATERNITY—EVIDENCE—SUPPORT OF CHILDREN.

    Defendant husband in divorce proceedings is not required to pay for support of child borne by the wife where his army record is such that it clearly establishes nonaccess for such a period before the birth of the child that he could be considered such child's father, the admissions and testimony of the parties on the paternity not being considered.

7. SAME—ALIMONY—SUPPORT OF CHILDREN—PATERNITY—COSTS.

    Husband is not required to pay alimony to wife or to pay for support of child born to her of which he was not the father, where decree of divorce is granted to him on appeal, but no costs are awarded.

Appeal from Kent; Brown (William B.), J. Submitted January 5, 1950. (Docket No. 62, Calendar No. 44,230.) Decided April 3, 1950. Rehearing denied May 18, 1950.

Bill by Velma Magarell against Arthur Magarell for divorce on ground of extreme and repeated cruelty and nonsupport. Cross bill by defendant against plaintiff for divorce on ground of adultery. Decree for plaintiff. Defendant appeals. Reversed and decree granted defendant on cross bill.

*Paul A. Wright,* for plaintiff.

*Clem H. Block,* for defendant.

REID, J. Plaintiff filed the bill of complaint asking for an absolute divorce on alleged grounds of extreme cruelty and for the custody of 3 young children as the children of the parties and for temporary alimony and other relief. The parties have no property, real or personal. Defendant filed an answer denying plaintiff's charges of cruelty. Defendant also filed a cross bill in which he seeks a divorce and charges plaintiff (cross-defendant) with extreme cruelty and adultery, admitting that the 2 older of the children are the children of the parties

but denying that Robert, the youngest of the 3 children, is the defendant's son. Defendant also alleges that plaintiff Velma is unsuitable and unfit to be custodian of the children and prays that he, Arthur, being a suitable and fit person, shall have the custody of his 2 acknowledged children. Plaintiff Velma in her answer to the cross bill denies the adultery but alleges a condonation by words and by cohabitation. From a decree in favor of plaintiff Velma, defendant Arthur appeals.

The parties were married at Anamosa, Iowa, July 8, 1939. Their daughter, Judy Arlene, was born January 9, 1942, and the other admitted child, Connie Lee, was born October 26, 1943. The parties lived and cohabited as husband and wife until some time in September, 1944, when defendant left for overseas service. His service record shows that he received a typhus "shot" October 18, 1944, and presumptively was in quarantine until he left the United States, October 22, 1944, in the US armed service. He returned to the United States, July 25, 1945. Robert, the third child of plaintiff Velma, was born August 28, 1945. It is defendant Arthur's theory that a man by the name of Francis Vaillancourt is the father of Robert. Plaintiff Velma testified that she may marry Vaillancourt in time after the divorce and that she never lived with defendant Arthur as husband and wife after his return from army service.

Plaintiff Velma charges defendant Arthur with nonsupport but it appears that during his army service defendant made suitable allotment for the support of plaintiff and 2 children and we conclude that while not in the army service, he supported her according to his ability.

Plaintiff's claim as to extreme cruelty is that defendant sometimes became intoxicated and accused her of infidelity and called her a whore. Plaintiff

testified that she lived in New London alone in a house while defendant was in the army. A letter from Vaillancourt to plaintiff dated October 28, 1947, among other things, contains the following:

"The town of New London looks about the same as it did when we was here together in 1945. There hasn't been very much change that I could see. I went in Sunday and looked at both of the places where we lived and they are the same."

We conclude that there was some justification for defendant's calling plaintiff the ugly name as she claims, and which defendant does not deny calling her.

Defendant began divorce proceedings in Iowa, where he went with his older daughter in January, 1946, to live with defendant's sister. Plaintiff Velma went there and persuaded defendant to drop the divorce proceedings there and come back to Grand Rapids, where she informed him she had a house. They moved into the house in Grand Rapids and defendant later found out that the house belonged to Vaillancourt.

On the part of plaintiff Velma there was a breach of the conditions of a condonation of her misconduct when, on or about October 13, 1947, about two days before filing her bill, she told defendant Arthur that he must get out of the house where they were living because Vaillancourt was released from army service and was coming to the house. Plaintiff Velma further told defendant Arthur in effect that she was going to live with Vaillancourt there and not with defendant Arthur. Plaintiff Velma therefore breached the good behavior condition of condonation and condonation was no longer a defense to her from ill consequence of her misconduct.

Plaintiff began the instant proceedings on October 15, 1947. Defendant Arthur's cross bill was filed January 19, 1948.

Plaintiff Velma is shown to have carried on her illicit love affair in the presence of her children, who observed her drinking to late hours and observed her conduct with Vaillancourt. Her children did not receive proper moral training from her. Plaintiff's unfitness to have the custody of the children of the parties and her extreme cruelty toward defendant are sufficiently shown by other testimony than that of defendant Arthur.

Under all the circumstances, the mother is considered by us as unfit to have the custody of the children of the parties. Defendant Arthur is shown to be a fit person and the custody of the 2 daughters, Judy Arlene and Connie Lee, is awarded to their father Arthur Magarell.

In *People* v. *Case,* 171 Mich 282, 283, we say:

"It was shown by medical experts that the maximum period of gestation is 300 days, and the minimum 240 days, and the average 273 days."

The army record of defendant Arthur clearly establishes that he was not in contact with plaintiff Velma for a period before the birth of Robert such that he could be considered the father of Robert, the admissions and testimony of the parties on the paternity not being considered. See *People* v. *Case, supra.* Accordingly, defendant Arthur is not to be required to support said child.

The decree appealed from is reversed. A decree will be entered in this Court in accordance with this opinion, and granting defendant and cross-plaintiff a divorce and custody of the children, Judy Arlene and Connie Lee. The parties having no property, no property award is made to plaintiff and in view of

the showing against her, no alimony is awarded to plaintiff. No costs.

BOYLES, C. J., and NORTH, BUTZEL, and SHARPE, JJ., concurred with REID, J. DETHMERS, CARR, and BUSHNELL, JJ., concurred in the result.