PEOPLE v. BEDELL.

1. BASTARDS—ILLEGITIMATE CHILD.
 A finding that defendant, who was not the husband of the complaining witness in a bastardy proceeding, was the father of her child would result in a holding that the child was illegitimate (CL 1948, § 722.601 *et seq.*).

2. DIVORCE—TERMINATION OF MARITAL RELATION—INTERLOCUTORY DECREE—ORDER OF COURT.
 The marital relation between the parties to a suit for divorce cannot be regarded as terminated until the interlocutory decree becomes final by the expiration of the 6-months period or by specific order of the court (CL 1948, § 552.9; Court Rule No 51, § 6, as adopted in 1947).

3. BASTARDS—TESTIMONY OF HUSBAND OR WIFE—ACCESS OF HUSBAND.
 The husband and wife are barred from testifying to access or nonaccess of the husband, antenuptial or postnuptial, when the legitimacy of a child born in lawful wedlock is involved, no matter what the form of action may be.

4. SAME—TESTIMONY OF COMPLAINING WITNESS—MARRIED WOMAN.
 It was reversible error to permit complaining witness in bastardy proceeding to testify against defendant that the child was his child, where at time of conception the marital relation between herself and husband had not terminated either by expiration of 6-months period from time of entry of interlocutory decree of divorce nor order of the court, she did testify that her husband had had frequent access and opportunity for intercourse with her before the decree became final, statute rendered husband and wife incompetent to testify in any action or pro-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] See, generally, 7 Am Jur, Bastards § 4.
[2] 17 Am Jur, Divorce and Separation §§ 436, 438.
[3] 7 Am Jur, Bastards §§ 21–24.
[3, 4] 7 Am Jur, Bastards § 111.

ceeding instituted by either in consequence of adultery, and public policy and precedent do not favor the admission of such testimony by a party to the marital relation (CL 1948, §§ 552.-9,617.67; § 722.601 *et seq.*; Court Rule No 51, § 6, as adopted in 1947).

Appeal from Oakland; Holland (H. Russel), J. Submitted April 14, 1955. (Docket No. 67, Calendar No. 46,005.) Decided June 6, 1955.

Bastardy proceedings against Archie Bedell resulted in court's decision of guilty and order for expenses and maintenance. Defendant appeals. Reversed and new trial granted.

*Thomas M. Kavanagh,* Attorney General, *Frederick C. Ziem,* Prosecuting Attorney, for plaintiff.

*William A. Welsh,* for complaining witness.

*Tilden M. Gallagher,* for defendant.

Boyles, J. On leave granted the defendant appeals from a verdict and judgment of guilty in a bastardy proceeding* heard in the circuit court in Oakland county without jury. The question here for decision is whether the testimony of the complaining witness was admissible, under the circumstances of the case.

The complaining witness was granted an interlocutory decree of divorce November 27, 1950. There being children of the marriage under 17 years of age, the decree did not become final until May 27, 1951.† The child in the case was born September 29, 1951. The complaining witness testified that the child was conceived by sexual intercourse with the defendant in January, 1951, which the defendant denied. Was her testimony admissible?

---

* CL 1948, § 722.601 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 25.451 *et seq.*).
† CL 1948, § 552.9 (Stat Ann 1951 Cum Supp § 25.89).

Obviously, the inevitable result of a finding, in a bastardy case, that the *defendant* (not the husband) is the father of the child would have to be that it is an illegitimate child. Otherwise, the so-called bastardy law would not apply.

In January, 1951, the complaining witness had a husband living. Their marital relation was not terminated until May 27, 1951. During that period of time she became pregnant. This exact situation came before us in a case decided March 9th of the present year. After referring to the statute* and the Court Rule,† this Court said:

"Under the specific provisions of the statute, as implemented by the rule, the marital relation between the parties to the divorce suit cannot be regarded as terminated until the interlocutory decree becomes final by the expiration of the 6-months period or by specific order of the court as in the present instance. Therefore, at the time plaintiff indulged in the misconduct admitted by her with the man whom she has since married she was legally the wife of the defendant." *Linn* v. *Linn*, 341 Mich 668, 671.

In that case we set aside the decree of divorce, on a petition filed by the husband after the decree had become final, on the ground that a fraud had been perpetrated on the court when the plaintiff petitioned the court to order that the decree become final.

See, also, *Allen* v. *Allen*, 341 Mich 543, wherein under somewhat comparable circumstances we set aside a decree of divorce on a petition filed more than 3 years after the decree was granted, on the ground of fraud on the court by concealment from the court, by the wife, that she was pregnant by one not her husband.

---

* CL 1948, § 552.9 (Stat Ann 1951 Cum Supp § 25.89).
† Court Rule No 51, § 6, as adopted October 13, 1947 (318 Mich xli).

In the case at bar the complaining witness and her husband were together frequently, after the interlocutory divorce decree was granted and before it became final. He took her to the defendant's office several times. In her testimony there was proof of her husband's access and opportunity for sexual intercourse and no proof of his absence or impotence during that period of time. Except for her testimony there was no proof to overcome the presumption that the child was legitimate. While it is true that the child, born after the decree became final, was not actually *"born in lawful wedlock"* under some of our earlier decisions, the more recent statutory and rule provisions apparently afford opportunity for unusual circumstances to arise where, for a period of time after an interlocutory decree of divorce has been granted, and before it becomes final, the marital status continues. This sometimes occasions confusion and doubt as to the effect of the delay, for all purposes and under all the circumstances that may arise. The extent to which our earlier decisions may be said to apply, as to whether the child is "born in lawful wedlock" must be considered under recent conditions which now arise since the interlocutory decree was inserted into some divorce cases by statute and court rule.

In *Falconer* v. *Falconer,* 330 Mich 532, this Court held that during the period while the decree was only interlocutory neither party had the right to appeal therefrom, without leave, until the decree had become final. The marital status was still in effect, at least to that extent.*

In *King* v. *Peninsular Portland Cement Co.,* 216 Mich 335, on appeal in a proceeding wherein the widow and children of an employee whose death was caused by a compensable accident sought compensa-

---

* To the same effect, see Court Rule No 51, § 6(d) (318 Mich xlii).

tion as his dependents, this Court held that the
mother could not testify that the posthumous. child
was illegitimate, therefore a child born .after his
death was entitled to compensation. We held (sylla-
bus) :

"In proceedings under the workmen's compensa-
tion act, admissions of the widow that a son born
during wedlock and a daughter born about 3 months
after the death of the husband were not the children
of the deceased, were properly rejected by the board,
since the presumption of legitimacy may not be over-
come by the testimony of the mother .to the con-
trary."

In *Yanoff* v. *Yanoff,* 237 Mich 383, this Court held
(syllabus) :

"When the legitimacy of a child born in lawful
wedlock is involved, no matter what the form of ac-
tion, the husband and wife are barred from testify-
ing to access or nonaccess of the husband, antenup-
tial or postnuptial."

See, also, *People* v. *Case,* 171 Mich 282; *Bassil* v.
*Ford Motor Co.,* 278 Mich 173 (107 ALR 1491).

Assuming but not necessarily deciding that the
testimony of the wife in the case at bar would estab-
lish or disclose adultery, the concluding sentence in
CL 1948, § 617.67 (Stat Ann. 1953 Cum Supp § 27.-
916), would then seem to bar her from testifying. It
reads:

"In any action or proceeding instituted by the hus-
band or wife, in consequence of adultery, the hus-
band and wife shall not be competent to testify."

In the instant case the complaining witness testi-
fied that she had sexual intercourse with the defend-
ant on January 3, 1951. She also testified to fre-
quent access and opportunity for intercourse with
her husband during the period of. time before the

decree became final.  She could not testify against
the defendant in this bastardy case that the child
was the defendant's child, unless it meant that the
child was illegitimate.

Public policy and precedent do not favor the ad-
mission of such testimony by a party to the marital
relation.  It was reversible error to admit the testi-
mony of the complaining witness.  The case is re-
versed and new trial granted.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID,
DETHMERS, and KELLY, JJ., concurred.