CORONET DEVELOPMENT COMPANY *v.* F.S.W., INC.

1. FRAUDS, STATUTE OF—PART PERFORMANCE OF CONTRACT.

   Finding of trial court in suit for specific performance of contract to sell land that plaintiff's only possession of the property was for survey purposes and its only expenditures were made for investigative purposes prior to its exercise of the option, and that, therefore, there was no part performance to save the oral contract from being void under the statute of frauds *held,* supported by record (CL 1948, §§ 566.108, 566.110).

2. SAME—ACT PREVIOUS TO MAKING CONTRACT—PART PERFORMANCE.

   Acts done prior to the making of a contract cannot be regarded as part performance under it sufficient to remove a contract from operation of the statute of frauds (CL 1948, §§ 566.108, 566.110).

3. SAME—PAYMENT OF MONEY.

   Payment of money is not alone sufficient to remove a contract from the operation of the statute of frauds (CL 1948, § 566.108).

4. JUDGMENT—EVIDENCE—SUMMARY JUDGMENT—CONTRACT FOR SALE OF LAND.

   Summary judgment in favor ·of defendant corporation *held,* properly granted, where the oral contract relied upon by plain-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Statute of Frauds §§ 419, 427, 431.
Doctrine of part performance in suits for specific performance of parol contract to convey real property.  101 ALR 923.
[2] 49 Am Jur, Statute of Frauds § 431.
[3] 49 Am Jur, Statute of Frauds §§ 265, 459, 464.
[4] 41 Am Jur, Pleading §§ 340–342.
[5] 41 Am Jur, Pleading § 75.
16 Am Jur 2d, Conspiracy § 58.
[6, 8] 16 Am Jur 2d, Conspiracy §§ 49, 50, 56, 58, 59.
[7] 17 Am Jur 2d, Contracts § 459.
[9] 49 Am Jur, Statute of Frauds §§ 4, 539.
[10] 41 Am Jur, Pleading § 342.
5 Am Jur 2d, Appeal and Error § 853.

tiff was void under the statute of frauds and the evidence in the record does not indicate that an amendment of the complaint was justified (CL 1948, § 566.108; GCR 1963, 117.3).

5. Pleading—Conspiracy—Jurisdiction—Service of Process.
Mere characterization as a conspiracy to induce breach of land contract, without giving supporting facts in the complaint, is not sufficient to give the court limited personal jurisdiction over defendant nonresident individuals under the statute relating to contracts concerning property situated in this State (CLS 1961, § 600.705).

6. Conspiracy—Land Contracts—Sales of Stock.
Analysis of the pleaded facts in action for specific performance of land contract and for damages arising from breach of contract because of alleged conspiracy *held,* to disclose no conspiracy, where they show first a voluntary sale of stock of corporate owner between the parties, a subsequent voluntary contract for the sale of the stock at a greater price and conditioned on approval thereof by the probate court in Louisiana, further that this approval was not given, and the stock was then sold at a higher price to another.

7. Contracts—Second Contract.
A new contract completely covering the same subject matter as a previously existing contract raises logical inference that the second contract superseded the former contract.

8. Same—Conspiracy—Jurisdiction.
Plaintiff's contention that defendant widow and executors of her husband's estate conspired to cause a breach of their contract *held,* not supported by the record, which discloses instead a legitimate effort to obtain a settlement of her husband's estate and sale of an asset of the estate for the best price obtainable.

9. Frauds, Statute of—Contracts—Conspiracy.
The prohibition against bringing any action on an oral contract within the statute of frauds includes actions based indirectly on the contract, as an action for damages for an alleged conspiracy to cause the breach of contract is in effect one for its enforcement (CL 1948, § 566.108).

10. Appeal and Error—Cross-Examination—Summary Judgment—Discretion of Court.
Plaintiffs' contention that the trial court committed reversible error in refusing to order cross-examination of defendants in

support of their motion for summary judgment and accelerated judgment *held*, without merit, since the grant or denial of cross-examination in such situation is discretionary under the court rule, and the record does not disclose an abuse of discretion (GCR 1963, 116.6).

Appeal from Livingston; Carland (Michael), J. Submitted Division 2 February 9, 1966, at Lansing. (Docket No. 827.) Decided May 24, 1966. Leave to appeal granted by Supreme Court August 25, 1966. See 378 Mich 729, 379 Mich 302.

Complaint by Coronet Development Company, a Michigan corporation, Robert G. Elliott, Francis E. Webb, and Albert Boucher, Jr., against F. S. W., Inc., a Louisiana corporation, Leon Godchaux, Paul Godchaux, Jr., Mrs. Fred S. Weis, Ralph Banfield, and Leon Godchaux and Paul Godchaux, Jr., as executors of the succession of Fred S. Weis, for specific performance of an oral contract to sell land and for damages arising from an alleged conspiracy to breach certain contracts between Coronet Development Company and F. S. W., Inc. Summary and accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*MacLean, Seaman & Laing* (*Kenneth Laing, Jr.,* of counsel), for plaintiff Coronet Development Company.

*Wm. Henry Gallagher, Reymont Paul,* and *Wilfred H. Erwin,* for defendant F. S. W., Inc.

*Dykema, Wheat, Spencer, Goodnow & Trigg* (*James H. Spencer,* of counsel), for defendants Godchaux.

*Robert J. Kelly,* for defendant Mrs. Fred Weis.

Quinn, J.   Coronet Development Company appeals from accelerated judgments[1] granted by the trial court to defendants Godchaux, individually and as executors of the succession of Fred S. Weis, and Mrs. Fred S. Weis for the reason the court lacked jurisdiction over these defendants.   Plaintiff also appeals from a summary judgment[2] granted to F.S.W., Inc., for the reason no cause of action was stated against it.   The issues for decision are clearly framed.   Did the trial court have jurisdiction over the Godchaux, individually or as executors, and over Mrs. Fred S. Weis?   Does the complaint state a cause of action against F.S.W., Inc.?

The complaint contained two counts.   Count 1 was for specific performance of an oral contract to sell land entered into between Coronet and F.S.W., Inc.   No relief was sought against the other defendants in count 1.   Count 2 sought relief against all defendants on the basis of an alleged conspiracy among them to cause F.S.W., Inc., to breach the contract of sale relied on in count 1 and later contracts to sell Coronet all of the stock in F.S.W., Inc., entered into by the executors of the estate of Fred S. Weis and Coronet.

F.S.W., Inc., is a Louisiana corporation whose only asset is the Michigan land involved in this litigation.   Fred S. Weis was the sole stockholder of this corporation; he died in February, 1963.   His widow, Mrs. Fred S. Weis, is a resident of Louisiana and was never in Michigan during the time involved in this litigation.   The Godchaux are officers of F.S.W., Inc., and executors of the estate of Fred S. Weis.   They are residents of Louisiana and were never in Michigan during the time involved in this litigation.

---

1 GCR 1963, 116.
2 GCR 1963, 117.2.

It is the claim of Coronet in count 1 that on or about November 25, 1963, F.S.W., Inc., through its officers, the Godchaux, orally granted Coronet an option to purchase the land involved in this case, which is located in Livingston county, Michigan. It is further claimed that on or about January 24, 1964, Coronet exercised this option, and as a result, F.S.W., Inc., orally agreed to sell the land to Coronet for $175,000 on stated terms. To preclude the application of the statute of frauds[3] and to come within the part performance provision of the statute,[4] Coronet claims it went into possession of the land in reliance on the oral agreement to sell and expended time and money in developing the land. However, the trial court found from the record before it that Coronet's only possession was for survey purposes and any expenditures were made for investigative purposes prior to the time Coronet exercised its option. The record before the trial court supports these findings, and we affirm the trial court in its holding that there was no part performance to save this oral contract from being void under the statute, *supra*. Performance prior to contract is not part performance under the contract nor is payment of money sufficient to remove a contract from operation of the statute of frauds. *Daugherty v. Poppen* (1947), 316 Mich 430. It does not appear from the evidence before the trial court that amendment of the complaint was justified and summary judgment as to F.S.W., Inc., was properly granted. GCR 1963, 117.3.

The only service of process on the Godchaux and Mrs. Weis was in Louisiana. Coronet contends that the alleged conspiracy to induce breach of contract constituted a tort in Michigan and under CLS 1961, § 600.705 (Stat Ann 1962 Rev § 27A.705), such serv-

---

[3] CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).
[4] CL 1948, § 566.110 (Stat Ann 1953 Rev § 26.910).

ice was sufficient to give Michigan limited personal jurisdiction to support a personal judgment against these defendants arising out of the tort. Accepting, without so deciding, that Coronet is correct in this position, the argument fails because no conspiracy is shown. Mere characterization as a conspiracy is not sufficient. *Greer* v. *Parks* (1942), 300 Mich 492. Analysis of the facts pleaded to establish the conspiracy discloses no conspiracy. First, Coronet says the estate of Weis by its executors agreed to sell all the stock of F.S.W., Inc., to Coronet for the same price as the land, and that this was in furtherance of the conspiracy. This agreement was made voluntarily by Coronet and it is in no position to claim conspiracy on this transaction. The next series of facts pleaded to show conspiracy is that thereafter Coronet and the executors entered into a second contract for the sale of the stock at a greater price and conditioned on approval thereof by the probate court in Louisiana. This agreement was entered into voluntarily by Coronet, and the only logical inference to be drawn from entering into a second contract is that it superseded the former contract for sale of stock. *Joseph* v. *Rottschafer* (1929), 248 Mich 606. The second contract was a conditional one. *Schultz* v. *Carlson* (1946), 313 Mich 432. Approval of the second contract was never obtained from the Louisiana probate court, and all stock of F.S.W., Inc., was sold to defendant Banfield at a price greater than Coronet offered to pay in its second contract. Rather than establishing a conspiracy, the record discloses a performance of duty by the executors, namely: obtain the best price possible for the stock.

To involve Mrs. F. S. Weis in a conspiracy which is not shown to exist, Coronet contends that by the inducement of Banfield, she threatened removal of the executors of the Weis estate falsely and mali-

ciously in order to force the breach of the contract relied on by Coronet. The record does not support the contention. Instead it discloses a legitimate effort by a widow to obtain a settlement of her husband's estate and the sale of an asset of that estate for the best price obtainable. There is no conspiracy and no basis for jurisdiction over the Godchaux and Mrs. Weis.

This holding also determines Coronet's claim of conspiracy as to F.S.W., Inc., but in addition, it should be noted that Coronet cannot do indirectly what it cannot do directly, namely: enforce the F.S.W., Inc., contract. *Cassidy* v. *Kraft-Phenix Cheese Corp.* (1938), 285 Mich 426.

Coronet's final allegations of error concern the trial court's refusal to order cross-examination of defendants in support of their motions for summary and accelerated judgments. Coronet contends it was error to decide these motions without affording Coronet the opportunity to cross-examine. The grant or denial of cross-examination in this situation is discretionary. GCR 1963, 116.6. We find no abuse of discretion here.

Affirmed, with costs to appellees.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.