HINTERMAN v STINE

1. BASTARDS—PATERNITY—UNMARRIED WOMEN.

The Paternity Act defines a child born out of wedlock as a child begotten and born to any woman who was unmarried from the conception to the date of birth of the child (MCLA 722.711).

2. DIVORCE—CHILDREN—LEGITIMACY—PRESUMPTIONS.

The legitimacy of all children begotten before commencement of any action under the divorce act is presumed until the contrary is shown (MCLA 552.29).

3. BASTARDS—PATERNITY—UNMARRIED WOMEN—DIVORCE.

Testimony by a plaintiff in a paternity action that she was menstruating at the time of her divorce was admissible because it was relevant to the question of whether she was unmarried at the time of conception, and coupled with her testimony that she had intercourse only with the defendant in the two months following her divorce, the coincidence of her last menstrual period before the birth of the child and her divorce was relevant to the question of whether he fathered a child born 9-1/2 calendar months, or 287 actual days, after her divorce.

4. BASTARDS—UNMARRIED WOMEN—PATERNITY—DIVORCE—LEGITIMACY—PRESUMPTIONS.

The admission of evidence of intercourse between the plaintiff and the defendant in a paternity case during the pendency of her divorce action was not reversible error where the trial court specifically found that the child was conceived after the judgment of divorce was entered, testimony concerning events before that date played no part in the court's decision, and there was sufficient other evidence to rebut the presumption of legitimacy.

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur 2d, Bastards § 1.
[2–4] 10 Am Jur 2d, Bastards §§ 14, 15.
   24 Am Jur 2d, Divorce and Separation §§ 876, 877.
   Determination of paternity, legitimacy, or legitimation in action for divorce, separation, or annulment. 65 ALR2d 1381.

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 2 June 11, 1974, at Detroit. (Docket No. 18308.) Decided August 28, 1974. Leave to appeal denied, 393 Mich 755.

Complaint by Terry Hinterman against Michael Stine charging him with paternity of her child. Order of filiation granted to plaintiff. Defendant appeals. Affirmed.

*Martin E. Clements,* Prosecuting Attorney, and *Charles Bird,* Assistant Prosecuting Attorney, for plaintiff.

*Morrice & Lengemann,* for defendant.

Before: J. H. GILLIS, P. J., and ALLEN and ELLIOTT,* JJ.

ELLIOTT, J. Plaintiff was divorced on November 2, 1970. She gave birth to a child on August 16, 1971, which is 9-1/2 calendar months, or 287 actual days, after her divorce. She was menstruating on the day of her divorce. That period is the last menstrual period she had until after the birth of the baby. She brought this action under the Paternity Act against the defendant who was not her former husband. She had sexual intercourse with the defendant frequently in November and December of 1970 and she did not have sexual intercourse with anyone else in those months. The court ruled that the Lord Mansfield rule did not apply and allowed testimony from her that she may have had intercourse with the defendant, whom she began dating in October, in the late part of that month.

The court, sitting without a jury, found that she was divorced and, therefore, an unmarried woman

---

* Circuit judge, sitting on the Court of Appeals by assignment.

at the time of conception (as well as at the time of birth, an undisputed fact). The court further found that the defendant was the father of this child and has ordered support of $10 per week.

Two statutes should be noted. The Paternity Act defines a "child born out of wedlock" as "a child begotten and born to any woman who was unmarried from the conception to the date of birth of the child". MCLA 722.711; MSA 25.491. The act is limited to children born out of wedlock, so defined, and the action could not be maintained if the plaintiff had not been divorced at the time of conception of the child. The divorce act was amended after plaintiff's divorce but before commencement of this action, so that § 29, MCLA 552.29; MSA 25.107, provides: "The legitimacy of all children begotten before the *commencement* of any action under this act shall be presumed until the contrary be shown"; emphasis added. Prior to the amendment, a similar provision appears to be limited to a divorce for adultery and in such case, husband and wife were not competent to testify. MCLA 600.2162; MSA 27A.2162.

Defendant claims error in the admission of testimony by plaintiff that she was menstruating at the time of her divorce, without expert evidence concerning menstruation, pregnancy, and post-conception bleeding. Although not conclusive proof that conception followed the divorce, her testimony of the time of her last menstrual period was relevant to the question of whether she was unmarried at the time of conception; and, coupled with her testimony that she had intercourse with defendant and no one else in the two months following her divorce, the coincidence of her last menstrual period and her divorce was relevant to the question of whether he fathered the child.

Expert evidence would have been helpful, and could have been offered by either party, but it was not essential. Michigan's Standard Jury Instruction 1.04 says: "You have a right to consider all of the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable"; and 1.03 says: "A fact may be proven indirectly by other facts or circumstances, from which it usually and reasonably follows according to the common experience and observation of mankind." These principles are no less applicable to a judge as trier of facts.

In *Magarell v Magarell,* 327 Mich 372; 41 NW2d 898 (1950), our Supreme Court took judicial notice of what was said by experts in *People v Case,* 171 Mich 282; 137 NW 55 (1912): "[T]he maximum period of gestation is 300 days, and the minimum 240 days, and the average 273 days". However, as pointed out in *Whitney v Whitney,* 169 Cal App 2d 209; 337 P2d 219 (1959), which reviews many medical treatises:

"The length of most pregnancies is calculated from the first day of the last menstrual period, since normally, although not invariably menstruation does not occur during pregnancy. * * * [H]owever * * * , impregnation rarely, if ever, takes place at that time and the actual length of pregnancy from the time of coitus and subsequent fertilization of the ovum is for that reason a shorter period. Ovulation occurs about 14 days before the onset of the ensuing menstrual period, but it is subject to many influences, and there are cases in which it has seemingly occurred on almost any day in the intermenstrual cycle. Labor usually starts about 280 days from the first day of the last menstrual period, so that the actual period of gestation [from impregnation] is 270 days or less."

The last quotation leads us to defendant's claim that it was error when the trial judge permitted evidence of intercourse between plaintiff and defendant within the period of possible, but improbable, conception after the divorce action was commenced but before a judgment was entered on November 2, 1970. The Mansfield rule is ably discussed and criticized by Judge (now Justice) LEVIN in *Maxwell v Maxwell,* 15 Mich App 607; 167 NW2d 114 (1969), *lv den,* 381 Mich 815 (1969). The rule would bar testimony by the plaintiff concerning intercourse with defendant or the lack of intercourse with her husband up to the moment of divorce, *People v Bedell,* 342 Mich 398; 70 NW2d 808 (1955), unless the amendment to MCLA 552.29; MSA 25.107 enacted after *Maxwell, supra,* removes the presumption of legitimacy during the pendency of an action for divorce for any cause.

Without passing upon the possible effect of that recent enactment or its application to this case, we hold that, on the facts of this case, the admission of such evidence was not reversible error. The trial court specifically found that the child was conceived after November 2, 1970. Testimony concerning events before that date played no part in the court's decision.

There was sufficient other evidence to rebut the presumption of legitimacy; plaintiff had her last menstrual period when the divorce was obtained; thereafter, she had frequent intercourse for two months with the defendant and the child was born 287 days after the divorce. *Maxwell, supra,* reluctantly applied the Mansfield rule in a case where the child was unquestionably conceived before the divorce was granted. While the plaintiff was carrying this child, the Legislature amended § 29 of the divorce act to its present language. Perhaps the

intent of the Legislature was to correct the injustice recognized in *Maxwell, supra,* which said:

"Almost half their formal married life followed their separation. Yet, since neither blood tests nor physical impotency acquitted Truman Maxwell, he was, for all practical purposes, the guarantor of his wife's chastity during the period his complaint for divorce was pending even though his ability to supervise his wife's conduct was nil and, as the record suggests, her personal life was fully occupied although the bonds of matrimony remained unsevered."

Affirmed. Costs to appellee.
All concurred.