EMPIRE SHOE SERVICE, INC. v GERSHENSON

1. MOTIONS—PLEADING—ACCELERATED JUDGMENT—AFFIDAVITS—
COURT RULES.

Well-pleaded facts are accepted as true in determining a motion
for accelerated judgment; statements of fact contained in the
affidavits filed to support or oppose a motion for accelerated
judgment may be accepted as true by the trial court where they
are not rebutted (GCR 1963, 116.3).

2. FRAUDS, STATUTE OF—PART PERFORMANCE—ORAL CONTRACTS.

A party must first show the existence of an oral contract before
he may assert that his actions constitute sufficient part per-
formance to remove the oral agreement from the statute of
frauds.

3. FRAUDS, STATUTE OF—LEASE—CONTRACTS—ACCELERATED JUDGMENT
—AFFIDAVITS—COURT RULES.

Accelerated judgment was properly granted to the defendants in
a suit for breach of a contract to lease space for a five-year
term, because the claim is barred by the statute of frauds,
where the plaintiff failed to rebut the statements in the defend-
ant's affidavit that they had not signed a lease with the
plaintiff nor did they authorize any oral agreement with the
plaintiff for the leasing of space (GCR 116.1[5]).

Appeal from Oakland, William John Beer, J.
Submitted Division 2 May 13, 1975, at Detroit.
(Docket No. 19264.) Decided June 23, 1975.

Complaint by Empire Shoe Service, Inc., against
Aaron Gershenson, Bernice Gershenson, and Wine-
man Investment Company for breach of a contract
to lease space in a shopping mall. Accelerated

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 73 Am Jur 2d, Summary Judgment §§ 2, 20, 27, 36.
[2] 73 Am Jur 2d, Statute of Frauds §§ 513, 517 *et seq.*

judgment for defendants. Plaintiff appeals. Affirmed.

*Fred L. Harris,* for plaintiff.

*Barris, Sott, Denn & Driker* (by *Sharon M. Woods),* for defendants.

Before: T. M. Burns, P. J., and M. F. Cavanagh and O'Hara,* JJ.

T. M. Burns, P. J. Plaintiff Empire Shoe Service, Inc., is a Michigan corporation established for the purpose of repairing shoes. The defendants, Aaron and Bernice Gershenson and Wineman Investment Co., a Michigan corporation, are the owners of the Pontiac Mall Shopping Center located in Waterford Township, Oakland County, Michigan.

In 1962, plaintiff had leased from the defendants certain space within the Pontiac Mall for the purpose of carrying on the business of shoe repair, said lease having an expiration date of August 31, 1972. Prior to the expiration of its lease, plaintiff inquired into the possibility of obtaining a 5-year extension of the lease. Ramco Associates, the leasing agent of the Pontiac Mall, informed plaintiff that the space which it presently occupied would not be available for renewal, but that there was a possibility that other space within the mall might be available. Negotiations between Ramco and plaintiff resulted in Ramco sending plaintiff a 5-year lease, plaintiff executing this lease and returning it to Ramco.

On October 17, 1972, plaintiff received a letter from Ramco advising plaintiff that since one of the principals objected to all the handwritten authori-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

zations contained in the previous lease, it was necessary for plaintiff to re-execute a revised lease. Plaintiff complied with this request and returned the revised lease to Ramco.

On October 22, 1972, plaintiff vacated the space it had occupied since 1962 under the terms of the previous 10-year lease and placed all its equipment in storage in another area of the Pontiac Mall. In November of 1972, plaintiff was informed that it would not be permitted to enter into any leasehold agreement with the defendants. As a result of being denied space at the Pontiac Mall, plaintiff instituted this action against Ramco, alleging breach of contract.

After suit was commenced, plaintiff ascertained that Ramco was not in fact the owner of the Pontiac Mall. Ramco was then dismissed with prejudice, and plaintiff amended its complaint to include the defendants. On October 29, 1973, the defendants filed a motion for accelerated judgment alleging that plaintiff's claim was barred by the statute of frauds.[1] The hearing on the motion was held on December 5, 1973, and after arguments of counsel, the trial court granted defendants' motion for accelerated judgment. The judgment dismissing the cause with prejudice was filed on January 2, 1974, and plaintiff now appeals.

Plaintiff first claims that the trial court erred when it granted defendants' motion for accelerated judgment because there existed a factual dispute as to whether the defendants had signed the lease previously signed by the plaintiff. We disagree. Under GCR 1963, 116.1(5), a party may move for accelerated judgment if the claim asserted against that party is barred by the statute of frauds. Furthermore, GCR 1963, 116.3 provides that each

[1] MCLA 566.108; MSA 26.908.

party may file affidavits to support or oppose the grounds asserted in the motion. When, as in the case at bar, a hearing on the motion is conducted by the trial court, well-pleaded facts are accepted as true and the contents of the affidavits may also be considered. *Harrison v Arrow Metal Products Corp,* 20 Mich App 590, 604; 174 NW2d 875 (1969), see also *Birch Run Nursery v Jemal,* 52 Mich App 23, 24; 216 NW2d 488 (1974). Statements of fact contained in the affidavits which are not rebutted by the opposing party's affidavit may be accepted as true by the trial court. *Shamie v Grossman,* 34 Mich App 97; 190 NW2d 734 (1971).

Applying these principles to the case at bar, our review of the record reveals that nowhere in its pleadings or its affidavit did plaintiff assert that the lease had been executed by the defendants. On the other hand, in their affidavit, defendants specifically stated that they did not sign or execute the lease with the plaintiff nor did they authorize any oral agreement with plaintiff for the leasing of space within the Pontiac Mall. Since the plaintiff did not rebut the statement by defendants that they did not sign the lease, the trial court was justified in accepting the facts stated in defendants' affidavit as true. *Shamie, supra.* Accordingly, the trial court found as a matter of fact that the defendants never signed a new lease with the plaintiff. Therefore, plaintiff may not now assert for the first time that a factual dispute existed when, though given sufficient opportunity to do so, it failed to rebut the statement contained in defendants' affidavit that the lease had never been signed by the defendants.

Plaintiff also contends that the trial court erred when it held that the acts of plaintiff did not constitute sufficient part performance to remove the alleged lease from the operation of the statute

of frauds. This contention is meritless. Before a party may assert that its actions constitute sufficient part performance to remove an oral agreement from the statute of frauds, that party must first show the existence of an oral contract. If the party fails to establish the existence of the oral contract, any performance prior to the making of the alleged oral contract will not be regarded as performance under it. *Daugherty v Poppen,* 316 Mich 430, 439; 25 NW2d 580 (1947), *Coronet Development Co v F S W, Inc,* 3 Mich App 364, 368; 142 NW2d 499 (1966), *aff'd* 379 Mich 302; 150 NW2d 809 (1967).

In the case at bar, the trial court found that the parties had never entered into any leasing arrangement, oral or written, when it said:

"True efforts were indulged in and negotiations had, with each party expecting there would be a new lease. But as I interpret the statute of frauds and as I understand the law, there is nothing here that takes this case out of the statute of frauds. The landlord never signed any new lease. The negotiations never came to successful contract signing and therefore the case is dismissed upon that ground."

The record in this case supports the finding of the trial court. As we mentioned earlier, since plaintiff did not rebut the defendants' statement that they did not enter into an oral agreement, the trial court properly accepted the statements in the defendants' affidavit as true. *Shamie, supra.* Therefore, since the existence of the requisite underlying oral contract was not established, any activities engaged in by the plaintiff cannot be considered as part performance. *Daugherty, supra.* Accordingly, the statute of frauds is applicable and the trial court's grant of accelerated judgment was correct.

Affirmed, costs to defendants.