WINSETT v DONALDSON

1. INFANTS—PATERNITY—COURTS—JURISDICTION—STATUTES.

A circuit court does not have jurisdiction over a proceeding brought under the Paternity Act by an alleged natural father to have himself declared the father of a child, where the child's mother was legally married to another man at the time of conception and birth of the child, because the Paternity Act does not apply where a child was either conceived or born at a time when the child's mother was married (MCLA 722.711[a], 722.714[f]; MSA 25.491[a], 25.494[f]).

2. INFANTS—PATERNITY—CUSTODY—COURTS—JURISDICTION—STATUTES.

A plaintiff who alleges himself to be the natural father of a child born at a time when the mother was married to another man may bring his action to obtain a declaration that he is the father and to obtain custody of the child under the Child Custody Act; a circuit court may properly determine the child's lineage in the course of a custody dispute (MCLA 722.25; MSA 25.312[5]).

3. PLEADING—AFFIDAVITS—STATEMENTS OF FACT.

Statements of fact contained in affidavits which are not rebutted by the opposing party's affidavit or pleadings may be accepted as true by the trial court.

Appeal from Wayne, John D. O'Hair, J. Submitted March 2, 1976, at Detroit. (Docket No. 24665.) Decided May 18, 1976.

Petition by William Winsett to acknowledge his paternity of LaTonya Donaldson, a minor, as against the rights of Julia R. Donaldson and Carl Donaldson. Neither named defendant appeared,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 42 Am Jur 2d, Infants §§ 28, 31.
[3] 61 Am Jur 2d, Pleading §§ 140, 193.

but the Michigan Department of Social Services intervened as defendant. Accelerated judgment for the Department of Social Services. Plaintiff appeals. Affirmed.

*A. Leon Peck,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Joan Myers,* Assistants Attorney General, for the Michigan Department of Social Services.

Before: BASHARA, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

BASHARA, J. Plaintiff appeals from an order of the Wayne County Circuit Court granting intervenor's motion for accelerated judgment. Plaintiff sought a determination that he was the father of one LaTonya Donaldson. The trial court dismissed plaintiff's action for lack of jurisdiction.

The plaintiff had initially filed a pleading entitled "Petition of William Winsett to Acknowledge Paternity of a Minor". Julia and Carl Donaldson were named as defendants. Plaintiff alleged that LaTonya Donaldson was conceived and born to Julia Donaldson while she was living with him; that Julia Donaldson was married to another man; and that the plaintiff was unaware of the existence of a husband of Julia Donaldson until after the birth of the child.

The petition also stated that the child had been abandoned by her mother and had become a ward of the Wayne County Juvenile Court. Plaintiff indicated that he was seeking a formal determination of his paternity prior to taking further action to obtain custody of the child.

Neither defendant filed an appearance after service by publication. However, the Attorney General intervened on behalf of the Children's Institute of the Michigan Department of Social Services. The intervenor claimed that the court lacked jurisdiction over the subject matter of the action, because the mother was a married woman at the time of the conception and birth of the child. Plaintiff did not dispute that the mother was a married woman. He alleged that he had lived with Mrs. Donaldson, who had told him she was divorced. Further, when the child was seven months old she left him and subsequently disappeared.

The first question for our consideration is whether the circuit court has any jurisdiction over a proceeding brought under the Paternity Act, MCLA 722.711 *et seq.;* MSA 25.491 *et seq.,* by an alleged natural father to have himself declared the father of that child, where the child's mother was legally married to another man at the time of the birth and/or conception of the child.

The law mandates that the Paternity Act is inapplicable where the child was either conceived or born at a time when the child's mother was married. MCLA 722.711(a); MSA 25.491(a) provides:

"A child born out of wedlock is a child begotten and born to any woman who was *unmarried* from the conception to the date of birth of the child." (Emphasis supplied.)

MCLA 722.714(f); MSA 25.494(f) further provides:

"The father or putative father of a child *so born out of wedlock* may file the complaint in the circuit court of

the county in which such child or mother resides or is found". (Emphasis supplied.)

See also *Hinterman v Stine,* 55 Mich App 282, 284; 222 NW2d 213 (1974), *lv den* 393 Mich 755 (1974).

Plaintiff claims he will be without a forum to litigate his rights as father of the child. We disagree. Section 5 of the Child Custody Act of 1970, MCLA 722.25; MSA 25.312(5), provides that in a custody dispute between a parent of a child and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent unless the contrary is established by clear and convincing evidence.

We note that the word "parent" is not defined in the Child Custody Act of 1970. That act provides that circuit courts have jurisdiction over custody disputes. It is entirely proper for a circuit court, in the course of hearing a child custody dispute, to determine the lineage of a child born at a time when the child's mother was married. The court would only be exercising its inherent power to make determinations and orders necessary to effectuate its jurisdiction over child custody matters.

Thus, the plaintiff is not without a forum to litigate his claim. It is simply that his action must be based on the Child Custody Act of 1970, not the Paternity Act.

Plaintiff also claims that his pleadings were not defective. He contends that the marriage of the mother was a disputed fact.

However, the plaintiff never alleged that the child's mother was unmarried at the time of conception and birth. In fact, the exhibit attached to plaintiff's own petition indicated that Julia Donaldson had been married to Carl Donaldson, on April 12, 1962, and there had been no divorce as of

October 30, 1972. A review of the pleadings and affidavits discloses no dispute regarding whether the mother was married during conception and birth of the child. Statements of fact contained in affidavits which are not rebutted by the opposing party's affidavit or pleadings may be accepted as true by the trial court. *Empire Shoe Service, Inc v Gershenson,* 62 Mich App 221; 233 NW2d 237 (1975). The trial judge was correct in granting accelerated judgment.

Affirmed. No costs.