ALUIA v HARRISON COMMUNITY HOSPITAL (ON REMAND)

Docket No. 78822. Submitted June 13, 1984, at Lansing.—Decided
     November 15, 1984.

     Plaintiff, Joseph Aluia, administrator of the estate of Maddalena
        Aluia, deceased, brought an action in the Macomb Circuit
        Court alleging medical malpractice. Named as defendants were
        Harrison Community Hospital, Daniel Abessinio, D.O., and
        Daniel G. Vlahovich, D.O. Defendant hospital brought a motion
        for accelerated judgment alleging that the court lacked subject-
        matter jurisdiction because the plaintiff's decedent had entered
        into a binding arbitration agreement. The trial court, George R.
        Deneweth, J., granted the motion for an accelerated judgment
        after finding that the medical malpractice arbitration act was
        constitutional and that the decedent was presumed to under-
        stand the arbitration agreement which she signed. Plaintiff
        appealed and the Court of Appeals reversed, finding the act
        unconscionable and/or unconstitutional. The question of the
        validity of the agreement was not addressed. (Docket No. 55819,
        decided August 20, 1982 [unreported].) The defendant hospital's
        application for leave to appeal as cross-appellant to the Michi-
        gan Supreme Court was held in abeyance pending a decision in
        another case. Following such decision, the Supreme Court, in
        lieu of granting leave to appeal, reversed the Court of Appeals
        and remanded to the Court of Appeals for consideration of the
        remaining issue. 419 Mich 884; 347 NW2d 698 (1984). On
        remand, *held:*

        1. The Court of Appeals disagreed with the trial court's
        ruling that the decedent may be presumed to have known the
        contents of the agreement she signed. Due to the peculiar
        factual context of this case and the important right to a jury
        trial which was waived by the agreement, the Court of Appeals
        did not believe that the matter could be summarily disposed of

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[4] 16A Am Jur 2d, Constitutional Law §§ 205, 442.
[5] 17 Am Jur 2d, Contracts § 149.

by use of the presumption. A factual dispute was raised here which made an accelerated judgment improper.

2. There can be no presumption that a party acquiesces to the loss of a fundamental constitutional right.

3. The case is remanded for a hearing to determine if the decedent made a knowing, informed waiver of her rights when she signed the agreement.

Reversed and remanded.

1. MOTIONS AND ORDERS — ACCELERATED JUDGMENT — ISSUE OF MATERIAL FACT.

An accelerated judgment is improper where a factual dispute exists on a material issue.

2. MOTIONS AND ORDERS — ACCELERATED JUDGMENT — JURY TRIALS — FINDINGS OF FACT.

It is reversible error for a trial court to engage in fact-finding when deciding a motion for accelerated judgment where a jury has been demanded.

3. MOTIONS AND ORDERS — ACCELERATED JUDGMENT.

Courts, in reviewing motions for accelerated judgment, must accept all well-pled allegations of the nonmoving party as true.

4. CONSTITUTIONAL LAW — FUNDAMENTAL RIGHTS — CONTRACTS — PRESUMPTIONS.

There can be no presumption that a party acquiesces to the loss of a fundamental constitutional right.

5. CONTRACTS — CONSTITUTIONAL LAW — INABILITY TO READ CONTRACT.

It is well settled that where a person cannot read the language in which a contract is written, it is ordinarily as much his duty to procure someone to read it to him as it would be to read the agreement before signing, were he able to do so; failure of a party to obtain a reading and explanation is ordinarily negligence which will estop the party from avoiding the contract on the ground that the party was ignorant of the contract's provisions; it is, however, inappropriate to apply this rule in regard to the waiver of a constitutional right.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Law Offices of Franklin, Petrulis, Lichty & Mellon, P.C.* (by *Daniel J. McCarthy*), for Harrison Community Hospital.

On Remand

Before: Cynar, P.J., and Bronson and T. M. Burns, JJ.

Per Curiam. The trial court granted defendant hospital's motion for accelerated judgment pursuant to GCR 1963, 116.1(2) on the ground that the court lacked subject-matter jurisdiction because the plaintiff's decedent, Maddalena Aluia, had entered into a binding arbitration agreement. Plaintiff appealed from the grant of accelerated judgment and the trial court's findings that the plaintiff's decedent was presumed to understand the agreement which she signed and that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* was constitutional. This Court reversed the trial court, finding the act unconscionable and/or unconstitutional. (Docket No. 55819, decided August 20, 1982 [unreported].) The question of the validity of the agreement was not addressed by this Court. Defendant hospital filed an application for leave to appeal as cross-appellant to the Michigan Supreme Court. The application was held in abeyance pending decision in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d 736 (1984). Thereafter, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the decision of this Court was reversed by order of the Michigan Supreme Court and remanded to this Court for consideration of the remaining issue. 419 Mich 884; 347 NW2d 698 (1984).

The following facts are drawn from the pleadings and affidavits contained in the record. Maddalena Aluia was admitted into Harrison Community Hospital on August 10, 1978. At the time of admission she was given an arbitration agreement form and a patient arbitration information book-

let. Since she spoke very little English, her son translated what the admissions personnel said into Italian, her native tongue. She had a minor operation on August 15, 1978. Later that day she fell in the hospital and bruised her arm. Her condition deteriorated and on August 21, 1978, Maddalena Aluia died.

An affidavit by decedent's son, Gene Aluia, states that he accompanied his mother to the hospital and translated what was said by the hospital personnel about the arbitration agreement for his mother. Gene Aluia stated that he did not fully understand what was being said and therefore he did not feel he could adequately convey what was said to his mother. An affidavit by Margaret Coughlin, the admissions officer at Harrison Hospital, indicates that she stated the following to Maddalena Aluia when she presented the arbitration agreement to her:

" 'This is the arbitration form—if you are familiar with it and care to sign it you may.

" 'Every doctor's office and hospital in the State of Michigan must offer arbitration to it's patients. All it says is—that if you are unhappy with the care you receive here, by signing this (indicating the paper) you have the right to arbitration. If you change your mind you have sixty (60) days after your discharge to cancel the agreement, in writing.' "

Coughlin further stated in her affidavit that if a patient did not understand English, the information would have been conveyed to a friend or relative who would have translated it for the patient.

The issue in this case is whether decedent may be presumed to have known the contents of the agreement she signed. The trial court answered this question in the affirmative.

We disagree with the trial court's ruling and reverse. The issue here is whether plaintiff's decedent knowingly, voluntarily and intelligently waived her constitutional right to a jury trial by signing the arbitration agreement in question. Due to the peculiar factual context of this case and the important right to a jury trial which was waived by the agreement we do not believe that the matter may be summarily disposed of by use of the convenient presumption that a person always knows the contents of an agreement he signs. A factual dispute was raised here which made accelerated judgment improper.

The question of what constitutes a knowing, voluntary and intelligent waiver of the right to a jury trial when signing a medical malpractice arbitration agreement was not addressed in the Michigan Supreme Court justice's opinions in *Morris, supra.* The lead opinion by Justice T. G. KAVANAGH, in which he was joined by Justice LEVIN, briefly addressed the question of who must bear the burden of persuasion in showing the validity of the waiver. *Morris, supra,* p 439. Chief Justice WILLIAMS only addressed the issue of the constitutionality of the composition of the arbitration panels. *Morris, supra,* pp 442-443. Justice RYAN, joined by Justice BRICKLEY, specifically declined to address this issue. *Morris, supra,* p 474. Justice M. F. CAVANAGH limited his discussion to the composition of the panel in his dissenting opinion. Justice BOYLE did not participate in the decision. The only issue squarely addressed in all of the opinions was the constitutionality of the composition of the arbitration panels. The opinions in *Morris* are therefore not dispositive of the issue now before this Court.

The case under consideration here was an action for accelerated judgment brought pursuant to GCR

1963, 116.1(2). A demand for jury trial had been made and affidavits were submitted pursuant to GCR 1963, 116.3. Defendant hospital claimed that jurisdiction was lacking because of the arbitration agreement. However, accelerated judgment is improper where a factual dispute exists on a material issue. *Lefever v American Red Cross,* 108 Mich App 69; 310 NW2d 278 (1981). It is reversible error for a trial court to engage in fact-finding when deciding a motion for accelerated judgment where a jury has been demanded. *Baker v Detroit,* 73 Mich App 67; 250 NW2d 543 (1976). In this case there was a material factual issue regarding the validity of decedent's waiver of her right to a trial by jury when she signed the arbitration agreement. This factual issue was raised by the affidavit of Gene Aluia. His affidavit was not specifically rebutted by Margaret Coughlin's affidavit and, therefore, should have been accepted as true by the trial court. *Winsett v Donaldson,* 69 Mich App 36; 244 NW2d 355 (1976); *Empire Shoe Service, Inc v Gershenson,* 62 Mich App 221; 233 NW2d 237 (1975). In reviewing motions for accelerated judgment, courts must accept all well-pled allegations of the nonmoving party as true. *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781; 311 NW2d 139 (1981), *lv den* 414 Mich 971 (1982) (validity of release signed by plaintiff created a factual issue barring accelerated judgment under GCR 1963, 116.1[5]).

The factual issue is whether decedent intentionally waived her right to a jury trial. In *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938), it was stated that there must be an "intentional relinquishment or abandonment of a known right or privilege". More recently in *D H Overmyer Co, Inc, of Ohio v Frick Co,* 405 US 174, 183; 92 S Ct 775; 31 L Ed 2d 124 (1972), the Court

addressed the waiver of a constitutional right by contract and noted that more than contract law was involved in the case. In *Overmyer* the corporations, parties of equal bargaining power, had negotiated with the assistance of counsel over the inclusion of a confession of judgment clause waiving the petitioner's right to notice and a hearing before respondent obtained a judgment. Applying the *Johnson* standard, the Court determined that the standard had been met due to the equal bargaining positions of the parties and the advice of counsel. See also, *Fuentes v Shevin,* 407 US 67, 94-96; 92 S Ct 1983; 32 L Ed 2d 556 (1972).

In this case there is a material dispute about whether there was an "intentional relinquishment or abandonment of a known right or privilege". There can be no presumption that a party acquiesces to the loss of a fundamental right. *Ohio Bell Telephone Co v Public Utilities Comm of Ohio,* 301 US 292, 307; 57 S Ct 724; 81 L Ed 1093 (1937). Gene Aluia's affidavit states that his mother did not speak English well and that he did not understand the information he was translating for her benefit. Moreover, the affidavit of Margaret Coughlin does not show that a knowing, intelligent waiver was made. Her affidavit merely indicates that admitting procedures would have included conveying the information to a relative who would have conveyed it to the decedent. These facts also beg a question: Was the information booklet translated for decedent's benefit? The contents of the booklet are mandated by the medical malpractice arbitration act, MCL 600.5041(6); MSA 27A.5041(6). The brochure is an integral part of the agreement. Nothing in the record indicates that the brochure was translated for decedent's benefit or that the contents of the agreement were fully explained to decedent. Nor does Coughlin's

affidavit indicate that the full agreement was explained. Coughlin's affidavit merely states that she told the Aluias that arbitration must be offered and that the agreement could be canceled. Assuming that these statements were exactly translated for decedent's benefit, there is still a material factual question about whether decedent was aware that she was giving up her constitutional right to a trial by jury. We believe that, based on the facts of this case, a sufficient factual question has been raised which made accelerated judgment improper.

We are aware of the significant authority which states that a party's lack of understanding of the language and contents of a contract which is voluntarily executed is not, in the absence of fraud, grounds for avoiding it. 17 CJS, Contracts, § 139, p 885. It is well settled that where a person cannot read the language in which a contract is written, it is ordinarily as much his duty to procure someone to read it to him as it would be to read the agreement before signing, were he able to do so. Failure of a party to obtain a reading and explanation is ordinarily negligence which will estop the party from avoiding the contract on the ground that the party was ignorant of the contract's provisions. 17 CJS, Contracts, *supra,* p 886. However, our examination of the cases in Michigan which have applied this rule shows that a waiver of a constitutional right has never been an issue in the contracts involved in those cases. *Cleaver v Traders' Ins Co,* 65 Mich 527, 533; 32 NW 660 (1887) (suit to enforce an insurance contract); *Warren v Federal Life Ins Co,* 198 Mich 342, 353; 164 NW 449 (1917) (suit to recover premiums on an insurance policy); *Gardner v Johnson,* 236 Mich 258; 210 NW 295 (1926) (quantity term in a contract for sale of foxes in dispute); *Sponseller v Kimball,* 246

Mich 255, 260; 224 NW 359 (1929) (mortgage contract); *Pakulski v Ludwiczewski,* 291 Mich 502; 289 NW 231 (1939) (lease and promissory note terms in dispute); *Leidel v Ballbach,* 345 Mich 201; 75 NW2d 860 (1956) (suit to set aside a duly executed deed). It would be inappropriate to apply this rule to the waiver of a constitutional right. *Fuentes, supra; Aetna Ins Co v Kennedy,* 301 US 389, 393; 57 S Ct 809; 81 L Ed 1177 (1937).

This case is remanded for a hearing in conformity with GCR 1963, 116.3 to determine if decedent made a knowing, informed waiver of her rights when she signed the agreement.

Reversed and remanded for proceedings consistent with this opinion. We retain no further jurisdiction.