143 Mich. App. 85 (1985)
371 N.W.2d 481
In re HEFFERNAN ESTATE
MAUER
v.
SHERIDAN
Docket No. 77643.
Michigan Court of Appeals.
Decided May 20, 1985.
Robert M. Justin, for appellant.
Michael W. Johnson, for John Sheridan, Anabelle Sheridan, and Rosemary Sheridan Moeller.
Before: GRIBBS, P.J., and MacKENZIE and J.B. SULLIVAN,[*] JJ.
MacKENZIE, J.
The decedent, Vera Heffernan, died intestate on August 5, 1981. She left no surviving spouse, issue, parents, brothers, sisters, nieces, nephews, or grandparents. After a diligent search, the personal representatives of decedent's estate filed a petition for determination of heirs with the Wayne County Probate Court in which the parties herein were named potential heirs. In an order dated December 22, 1983, the probate court found, pursuant to stipulation of the parties, that the decedent was survived by four heirs: Gertrude Sheridan Mauer, appellant herein, and appellees John Jay Sheridan, Anabelle Sheridan, and Rosemary Sheridan Moeller. All four parties share the same degree of kinship (first cousins, maternal side) to the decedent. Appellant appeals from the probate court's determination of heirs as of right.
The decedent's maternal grandparents were James Sheridan and Bridget Crowley Sheridan. That marriage produced three children, Mary Sheridan Heffernan (the decedent's mother), James Jay Sheridan, and Daniel Sheridan. Daniel *87 Sheridan died without issue. James Jay Sheridan had one child, appellant.
James Sheridan (decedent's maternal grandfather) remarried following the death of his first wife, Bridget. His second marriage produced three more children, John Sheridan, Helen Sheridan, and Joseph Sheridan. Of these three, only John Sheridan had issue; three of his four children, the appellees herein, survived the decedent. In summary, appellant is an issue of the decedent's maternal grandmother and grandfather, i.e., decedent's first cousin; appellees are issue of the decedent's maternal grandfather only, i.e., decedent's first cousins of the half blood.
Appellant's sole claim on appeal is that appellees are not proper heirs of decedent's estate under MCL 700.106(d); MSA 27.5106(d) because they are not the issue of decedent's maternal grandfather and grandmother.
"If there is no surviving issue, parent, brothers or sisters, or children of deceased brothers and sisters of a decedent, but the decedent is survived by 1 or more grandparents or issue of grandparents, 1/2 of the estate shall pass to the surviving paternal grandparents, or to the issue of the paternal grandparents if both are deceased, the issue to take equally if they are all of the same degree of kinship to the decedent, but if of unequal degree then those of more remote degree shall be excluded; and the other 1/2 shall pass to the maternal relatives in the same manner; but if there is [sic] no surviving grandparents or issue of grandparents on the paternal or maternal side, the entire estate shall pass to the relatives on the other side in the same manner as the 1/2."
The primary and fundamental rule of statutory construction is to ascertain the purpose and intent of the Legislature in enacting the provision in question. White v Ann Arbor, 406 Mich 554, 562; *88 281 NW2d 283 (1979). The words of the statute must be construed in light of the general purpose sought to be accomplished. White, supra; People v Gorney, 99 Mich App 199, 206; 297 NW2d 648 (1980), lv den 410 Mich 911 (1981). Under this rule, the question is whether the Legislature intended the phrase "to the issue of the [maternal] grandparents" in § 106(d) of the probate code to include only the issue of both grandparents rather than the issue of the granfather and/or the grandmother. We reject appellant's claim and hold that the statute applies equally to the issue of either or both grandparents.
Critical to this holding is our determination that the word "grandparents", despite its plural form, includes grandparents both as individuals (grandfather or grandmother) and as a unit (grandfather and grandmother). This interpretation is dictated by the language of the statute. Under § 106(d), in the absence of paternal grandparents or their issue, a decedent's entire intestate estate would pass to his surviving maternal grandparents. In the event neither maternal grandparent survived decedent, the estate would instead pass to their surviving issue. However, if the phrase "the estate shall pass to the surviving [maternal] grandparents" is read to incorporate the limited definition of "grandparents" as espoused by appellant, a sole surviving maternal grandparent would be prohibited from receiving any part of a decedent's estate. Instead, the estate would pass directly to the surviving issue as if both maternal grandparents had predeceased the decedent. In other words, if "grandparents" referred only to both grandparents, a sole surviving maternal grandparent would not inherit under the statute. This result could not have been intended by the Legislature. The word *89 "grandparents" must therefore refer to a decedent's grandfather and/or grandmother.
This interpretation is consistent with the definition of "issue" found in MCL 700.7(6); MSA 27.5007(6): "`Issue' of a person means all of the person's lineal descendants of all generations * * *". Under this definition, "issue" refers to the lineal descendants of "a person", singular, not the descendants of a couple, plural. Likewise, the phrase "issue of the [maternal] grandparents" should be read as referring to grandparents in the singular as well as the plural.
Further support for our holding can be found in MCL 700.109(1); MSA 27.5109(1), which provides that "[r]elatives of the half blood shall inherit the same share which they would have inherited if they had been of the whole blood". This statute continues the well-established rule in Michigan that no distinctions exist between kindred of the whole and the half blood for purposes of inheritance. In re Coughlin's Estate, 336 Mich 279, 283; 57 NW2d 884 (1953). The language of § 109 evinces an intent on the part of the Legislature that cousins of the half blood should inherit equally with cousins of the whole blood. See 23 Am Jur 2d, Descent and Distribution, § 54, p 792; 54 ALR2d 1009, § 4, p 1017. We affirm the probate court's determination that both appellant and the appellees are proper heirs of decedent's estate.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.