STEFANI v BHAGAT

Docket No. 81400. Submitted January 15, 1986, at Detroit.—Decided
February 19, 1986. Leave to appeal applied for.

Plaintiff, Marie M. K. Stefani, brought an action claiming medical
malpractice against Rajesh Bhagat, M.D., Rajesh Bhagat, M.D.,
P.C., and Saratoga General Hospital, Inc. Defendants moved for
accelerated judgment on the basis that plaintiff had executed
an agreement to arbitrate. The Wayne Circuit Court, Robert J.
Colombo, Jr., J., granted the defendants' motion. The trial
court held that the defendants had not violated the malpractice
arbitration act by providing the plaintiff with an information
brochure when she first entered the hospital for emergency
treatment and offering the arbitration agreement some four
hours later, after treatment was administered. Plaintiff ap-
pealed, alleging that the statute requires the information bro-
chure to be offered "at the time of execution" of the arbitration
agreement and that the statute was violated in this case. *Held:*

The Court of Appeals, in construing the language of a stat-
ute, must ascertain the purpose and intent of the Legislature in
enacting the provision. The purpose of the requirement of
supplying an information brochure is to avoid the possibility of
constructive fraud which might arise due to the failure of the
arbitration agreement itself to provide vital information. Pro-
viding the patient with the brochure ahead of time, allowing
the patient time to study the information therein before execut-
ing an arbitration agreement, furthers that purpose. The stat-
ute was not violated.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary rule of construction of a statute is that the Court of
Appeals must ascertain the purpose and intent of the Legisla-
ture in enacting the provision at issue.

2. ARBITRATION — MEDICAL MALPRACTICE — JUDICIAL CONSTRUCTION.

The requirement of the malpractice arbitration act, that a person

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 374-376.
Am Jur 2d, Statutes §§ 145, 146.
Arbitration of medical malpractice claims. 84 ALR3d 375.

receiving health care who is offered an arbitration agreement must be furnished with an information brochure at the time of execution of the agreement, is satisfied where the patient is furnished the brochure sometime prior to presentation of the agreement; the additional time afforded the patient to study the information in the brochure furthers the purpose of the brochure, which is to avoid the possibility of constructive fraud which might arise because of the failure of the arbitration agreement itself to provide vital information (MCL 600.5041[6]; MSA 27A.5041[6]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Kay Honigman-Singer*), for plaintiff.

*Moll, Desenberg, Bayer & Behrendt* (by *Morris S. Freedman*), for Rajesh Bhagat, M.D. and Rajesh Bhagat, M.D., P.C.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for Saratoga General Hospital.

Before: Hood, P.J., and J. H. Gillis and J. M. Batzer,* JJ.

Per Curiam. Plaintiff appeals as of right from an order of the circuit court granting defendants' motion for accelerated judgment, thereby compelling arbitration in plaintiff's medical malpractice action against the defendants.

The question involved in this appeal is one of first impression and concerns a provision of the malpractice arbitration act relating to the procedural requirements surrounding an agreement to arbitrate. The provision, MCL 600.5041(6); MSA 27A.5041(6), provides:

"The form of the agreement promulgated shall be

* Circuit judge, sitting on the Court of Appeals by assignment.

accompanied by an information brochure which clearly details the agreement and revocation provision. The brochure shall be furnished the person receiving health care *at the time of execution.* The person receiving health care shall be furnished with either an original or duplicate original of the agreement." (Emphasis supplied.)

After an evidentiary hearing conducted below, the trial court found that the plaintiff had been provided with the explanatory brochure required by MCL 600.5041(6) when she first arrived at the hospital, sometime between 1:45 p.m. and 2 p.m. on June 10, 1980. The trial court also found that the arbitration agreement was not offered until after the emergency treatment was administered, sometime after 6 p.m., in compliance with MCL 600.5042(1); MSA 27A.5042(1). The trial court later ruled as follows:

"This Court is of the opinion that providing the plaintiff with the information booklet at the time she entered the hospital and giving her the arbitration agreement to sign after treatment complied with MCL 600.5401(6); MSA 27A.5041(6) that the 'brochure shall be furnished to the person seeking health care at the time of execution.'

"This procedure makes great sense in that it gives the patient the opportunity to review the details with respect to medical arbitration prior to signing the arbitration agreement."

In attacking the trial court's holding, plaintiff relies upon the explicit language of the statute and argues for a narrow construction of that language. Here, since plaintiff was furnished with the information booklet upon her arrival at the hospital, some four hours prior to treatment, she was not furnished with the information booklet "at the time of execution" of the arbitration agreement.

Since the statute does not state that the booklet is to be furnished at some time prior to execution of the agreement, plaintiff argues that § 5041(6) was violated. Plaintiff contends that such a narrow construction is justified by such decisions as *Roberts v McNamara-Warren Community Hospital,* 138 Mich App 691; 360 NW2d 279 (1984), where this Court noted:

> "Arbitration agreements under the malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* are not legally enforceable unless obtained in strict compliance with the requirements of the statute. *Ewald v Pontiac General Hospital,* 121 Mich App 793, 797; 329 NW2d 495 (1982)." 138 Mich App 693.

While we recognize that plaintiff's position on this matter is entirely viable, we are inclined to agree with the trial court that by supplying plaintiff with the information booklet upon her arrival at the hospital, defendants complied with the requirements of MCL 600.5041(6). As is always the case when construing the language of a statute, the primary and fundamental rule is that we must ascertain the purpose and intent of the Legislature in enacting the provision at issue. *In re Heffernan Estate,* 143 Mich App 85, 87; 371 NW2d 481 (1985). Further, the words of the statute must be construed in light of the general purpose sought to be accomplished. *In re Heffernan, supra* p 88; *White v Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979).

Here, it is entirely possible that the Legislature intended the narrow construction of the statute advanced by plaintiff. If the booklet is handed to the patient at the time the arbitration agreement is executed, the gravity of the decision whether to sign the form is impressed upon the patient. The Legislature may have concluded that, unless the booklet is presented at the time of execution, the

patient would view the arbitration form as simply one more procedural step in the unpleasant affair of seeking emergency treatment. Nonetheless, we believe the alternative interpretation chosen by the trial court was more likely intended by the Legislature. Where the information booklet is furnished to the patient at the same time the arbitration agreement is presented for execution, there is a significant possibility that the patient would feel too pressured to read the booklet carefully and to take the time to fully consider the implications of a decision to sign the agreement. In contrast, where, as here, the patient is handed the booklet upon arrival at the hospital, the typically inevitable waiting time can be used constructively by patients to educate themselves about the arbitration procedure and its significance should they suffer the misfortune of becoming victims of medical malpractice. Since the purpose of supplying an information booklet is to avoid the possibility of constructive fraud which might arise due to the failure of the arbitration agreement itself to provide certain vital information, *Morris v Metriyakool,* 418 Mich 423, 473; 344 NW2d 736 (1984), the additional time to digest the information contained in the booklet could only further the purpose of § 5041(6). Therefore, we conclude that the trial court did not err in concluding that the requirements of the statute were fulfilled and in granting defendants' motion for accelerated judgment.

Affirmed.