MARIANI v HOLLOWAY

Docket Nos. 80577, 81532, 81775. Submitted November 18, 1985, at Detroit. Decided September 16, 1986. Leave to appeal denied, 428 Mich —.

Paula Mariani and Alfonso Mariani brought an action in the Wayne Circuit Court against H. Rex Holloway, Jr., D.O., Professional Center Clinic, P.C., H. C. Orth, D.O., and Seaway Hospital alleging medical malpractice. Defendants brought motions to compel arbitration. The trial court, Richard C. Kaufman, J., denied the motions holding that the arbitration agreement involved in this action was not executed in compliance with the requirements of the Michigan Malpractice Arbitration Act and was therefore unenforceable. Defendants appeal from the denial of their motions. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The procedure followed in presenting the information brochure to Paula Mariani prior to the execution of the arbitration agreement met the act's requirements. The time period separating the presentation of the brochure and execution of the agreement did not violate the act and the agreement is enforceable on these grounds.

Reversed.

PHYSICIANS AND SURGEONS — MALPRACTICE ARBITRATION ACT — INFORMATION BROCHURE REQUIREMENT.

The requirement in the malpractice arbitration act, that a person receiving health care who is offered an arbitration agreement must be furnished with an information brochure at the time of execution of the agreement, is satisfied where the patient is furnished the brochure sometime prior to presentation of the agreement (MCL 600.5041[6]; MSA 27A.5041[6]).

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 310 *et seq.,* 372-377.

Arbitration of medical malpractice claims. 84 ALR3d 375.

See also the annotations in the Index to Annotations under Malpractice by Medical or Health Professions.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Kerr, Russell & Weber* (by *Daniel G. Beyer*), for H. Rex Holloway, Jr., D.O., and Professional Center Clinic, P.C.

*MacArthur, Cheatham, Acker & Smith* (by *Brian J. Doren*), for H. C. Orth, D.O.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day* and *John C. Schweickert*), for Seaway Hospital.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. This is a medical malpractice action. Defendants appeal by leave granted from the trial court's denial of their motions to compel arbitration. We reverse.

On August 16, 1979, a total abdominal hysterectomy was performed on Paula Mariani (hereafter plaintiff) at Seaway Hospital. The previous day, plaintiff had executed an arbitration agreement with respect to any claims arising out of health care provided by the hospital or defendant physicians. Following an evidentiary hearing, the trial court held that the arbitration agreement was not executed in compliance with the requirements of the Michigan Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* and was therefore unenforceable.

At issue is whether defendants complied with MCL 600.5041(6); MSA 27A.5041(6), which provides:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> The form of the agreement promulgated shall be accompanied by an information brochure which clearly details the agreement and revocation provision. The brochure shall be furnished the person receiving health care at the time of execution. The person receiving health care shall be furnished with either an original or duplicate original of the agreement.

Plaintiffs have the burden of proving the arbitration agreement's invalidity. *Feinberg v Straith Clinic,* 151 Mich App 204; 390 NW2d 697 (1986).

In this case, a receptionist handed plaintiff an anesthetic checklist and the arbitration information brochure. Plaintiff could read the brochure at her discretion. The anesthetic checklist required immediate attention, however, because plaintiff next met with the anesthesiologist to discuss the impending surgical procedure. The admitting clerk then asked plaintiff to sign the arbitration agreement, though the admitting clerk apparently did not point out that the information brochure plaintiff received earlier explained the effect of her signature. Five to twenty minutes elapsed from the time plaintiff was furnished the information brochure until she signed the arbitration agreement.

We adopt the reasoning of another panel of this Court in *Stefani v Bhagat,* 149 Mich App 431; 386 NW2d 203 (1986). In *Stefani,* the plaintiff was furnished the information brochure upon her arrival at the hospital, some four hours prior to treatment. The plaintiff received the arbitration agreement after the emergency treatment was administered, in compliance with MCL 600.5042(1); MSA 27A.5042(1). The *Stefani* Court found that this complied with the Legislature's intent, noting that the typically inevitable waiting time can be used constructively by patients to educate them-

selves about the arbitration procedure and its significance. The Court found that additional time to digest the information contained in the booklet could only further the statute's purpose.

While MCL 600.5042(1); MSA 27A.5042(1) treats emergency health care provided by a hospital somewhat differently in that the arbitration agreement must be offered after such emergency care, we do not believe this factor should distinguish *Stefani* from the instant case. Nor did the *Stefani* rationale depend on whether a plaintiff actually uses the additional time to become familiar with the information brochure, though that issue may relate to a plaintiff's understanding of the agreement. The issue before the *Stefani* Court was the same as that before us: whether the procedure followed in presenting the information brochure prior to execution of the arbitration agreement meets the MMAA's requirements. Mindful that the time period separating presentation of the brochure and execution of the agreement in *Stefani* was four hours, we conclude that the time period here did not violate the MMAA and the arbitration agreement is enforceable on those grounds, at least.

Having so held, we note that this case then assumes an unusual appellate posture. Defendants also argue on appeal that the agreement is enforceable because there was a "meeting of the minds" between plaintiff and defendants, and it is clear that plaintiff understood the agreement and did not sign it because of duress, fraud, or coercion. Plaintiffs, having already urged this Court to find the agreement unenforceable because the brochure was not provided at the time of execution of the agreement in strict compliance with the MMAA, argue that this issue was not raised below and should not be decided on appeal.

We agree with the trial court that a true meeting of the minds is required for a valid arbitration agreement, just as in any contract situation. *Siegel v Spinney,* 141 Mich App 346, 350; 367 NW2d 860 (1985). The trial court did not address this question, having concluded that only compliance with the MMAA was at issue. Plaintiffs have apparently agreed, both on appeal and after express questioning by the trial court, that a meeting of the minds is not at issue in this case and should not be addressed by this Court. Accordingly, we do not.

With regard to defendants' final issue, made unnecessary by our holding, the trial court had jurisdiction and discretion to hear plaintiffs' delayed motion for rehearing. WCCR 119.8(g).

We reverse the circuit court's denial of defendants' motions to compel arbitration.