ROBERTS v McNAMARA-WARREN COMMUNITY HOSPITAL

Docket No. 64600. Submitted May 15, 1984, at Detroit.—Decided November 6, 1984.

When she was 16 years old, Melanie L. Roberts was admitted to McNamara-Warren Community Hospital for a laparoscopy procedure. Her mother signed a standard arbitration agreement prior to treatment. During the laparoscopy, Ms. Roberts' uterus was lacerated, resulting in serious complications. When she became 18 years of age, Ms. Roberts filed a medical malpractice action against McNamara-Warren Community Hospital, Carroll Knauss, D.O., and Basil J. Marrella, D.O., in Oakland Circuit Court. The court, Robert L. Templin, J., dismissed plaintiff's action on the ground that it was barred by the arbitration agreement signed by plaintiff's mother and ordered plaintiff to arbitrate her claims against the defendant hospital and Dr. Knauss. Plaintiff appeals. *Held:*

The arbitration agreement is unenforceable because neither plaintiff nor her mother was provided the information brochure required by law.

Reversed.

1. ARBITRATION — MALPRACTICE ARBITRATION ACT.

Arbitration agreements under the malpractice arbitration act are not legally enforceable unless obtained in strict compliance with the requirements of the statute (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*).

2. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION FORMS.

A medical malpractice arbitration agreement between a patient and a health care provider is unenforceable if the patient did not receive an information brochure and a copy of the executed agreement.

3. ARBITRATION — ARBITRATION AGREEMENTS.

An arbitration agreement is a contract requiring the mutual

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
  Arbitration of medical malpractice claims. 84 ALR3d 375.
[4] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 374.

assent of the parties; thus, the threshold inquiry in determining whether a matter is subject to arbitration is whether an arbitration agreement exists.

4. Arbitration — Malpractice Arbitration — Waiver of Right to Court Access.

The burden is on the defendant in a malpractice arbitration case to show that the plaintiff knowingly, intelligently, and voluntarily waived his or her right to court access.

5. Arbitration — Malpractice Arbitration Act — Minors.

A minor is bound, under the malpractice arbitration act, by the consent of a parent or legal guardian and may not subsequently disaffirm any agreement entered into on the minor's behalf (MCL 600.5046[2]; MSA 27A.5046[2]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *David K. Barnes, Jr.),* for plaintiff.

*Kaufman, Payton & Kallas* (by *Donald L. Payton),* for McNamara-Warren Community Hospital.

*Williams, Schaefer, Ruby & Williams, P.C.* (by *David D. Patton),* for Carroll Knauss.

Before: M. J. Kelly, P.J., and Bronson and C. W. Simon,* JJ.

Per Curiam. Plaintiff appeals by leave granted from the trial court's order compelling arbitration of her medical malpractice claims against defendants McNamara-Warren Community Hospital and Carroll Knauss, D.O. Defendant Basil Marrella, D.O., is not a party to this appeal. We reverse.

On March 7, 1979, when plaintiff was 16 years old, she was admitted to McNamara-Warren Community Hospital for a laparoscopy procedure. Plaintiff's mother signed a standard arbitration

---

* Circuit judge, sitting on the Court of Appeals by assignment.

agreement, a copy of which is contained in the trial court record. During the laparoscopy, plaintiff's uterus was lacerated, resulting in serious complications. Plaintiff waited until she was 18 years of age to file this medical malpractice action against the defendants.

Defendants McNamara-Warren Hospital and Knauss filed motions to dismiss plaintiff's action on the ground that it was barred by the arbitration agreement signed by her mother. Following arguments on the motions, the trial court ordered plaintiff to arbitrate her medical malpractice claims against these two defendants.

Plaintiff raises several arguments on appeal, all of which were raised and thus preserved at the trial court level. We find one of plaintiff's arguments dispositive. Plaintiff contends that the arbitration agreement is unenforceable because neither she nor her mother was provided the information brochure required under MCL 600.5041(6); MSA 27A.5041(6). Arbitration agreements under the malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* are not legally enforceable unless obtained in strict compliance with the requirements of the statute. *Ewald v Pontiac General Hospital,* 121 Mich App 793, 797; 329 NW2d 495 (1982). Section 5041(6) of this act provides:

"The form of the agreement promulgated shall be accompanied by an information brochure which clearly details the agreement and revocation provision. The brochure shall be furnished the person receiving health care at the time of execution. The person receiving health care shall be furnished with either an original or duplicate original of the agreement."

Failure to supply the patient with a copy of the brochure results in an unenforceable arbitration agreement. *McCloy v Dorfman,* 123 Mich App 710,

716-717; 333 NW2d 338 (1983); *Ewald v Pontiac General Hospital, supra.*

No evidentiary hearing was conducted in the instant case to ascertain the circumstances surrounding the signing of the arbitration agreement. According to the deposition testimony of plaintiff's mother, Shirley Roberts, she was given the arbitration form along with several other forms at the time of admission. Plaintiff's mother recalls being told by the admitting clerk that she was not required to sign the form but does not recall being given any information brochure and does not recall having engaged in any other discussion regarding the arbitration agreement.

An arbitration agreement is a contract requiring the mutual assent of the parties. Thus, the threshold inquiry in determining whether a matter is subject to arbitration is whether an arbitration agreement exists. *Horn v Cooke*, 118 Mich App 740, 744; 325 NW2d 558 (1982). This Court has held that the burden is on the defendant to show that plaintiff knowingly, intelligently, and voluntarily waived his or her right to court access. *Moore v Fragatos*, 116 Mich App 179, 186; 321 NW2d 781 (1982). In light of these general rules, we conclude that defendants in this case were required to establish that an arbitration agreement was knowingly, intelligently, and voluntarily entered into by the plaintiff in strict compliance with the malpractice arbitration act. Inasmuch as defendants failed to sustain this burden, the trial court's order to compel arbitration must be reversed. We note that, under the malpractice arbitration act, a minor is bound by the consent of a parent or legal guardian and may not subsequently disaffirm any agreement entered into on the minor's behalf. MCL 600.5046(2); MSA 27A.5046(2).

Plaintiff inartfully articulates a due process

challenge to the applicability of this provision once
the age of majority has been reached. Inasmuch as
this case may be decided on other grounds, we
decline to consider the constitutional issue, and
our decision is not intended to be a commentary
on the merits of such a challenge. *Lisee v Secretary of State,* 388 Mich 32, 40-41; 199 NW2d 188
(1972); *Port Huron & Detroit R Co v Dep't of
Treasury,* 106 Mich App 413, 421; 308 NW2d 237
(1981). As to plaintiff's constitutional challenge to
the composition of the panel of arbitrators, that
controversy has been resolved in defendants' favor
in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d
736 (1984).

Reversed.