BENSON v GRANOWICZ

Docket No. 78823. Submitted June 13, 1984, at Lansing.—Decided
    December 10, 1984. Leave to appeal applied for.

Lloyd Benson, III, for himself and as next friend of Lloyd Benson,
    IV, a minor, and Sharon Benson brought an action in the
    Oakland Circuit Court against Vincent Granowicz, D.O., Provi-
    dence Hospital and Oakland Emergency Physicians, P.C., alleg-
    ing medical malpractice. Before the time of the alleged mal-
    practice, Lloyd Benson, IV's mother, Sharon Benson, executed
    an arbitration agreement on his behalf. The court, Farrell E.
    Roberts, J., ordered arbitration and dismissed the lawsuit.
    Plaintiffs appealed. The Court of Appeals, in an unpublished
    per curiam opinion released August 19, 1982 (Docket No.
    55584), reversed, finding the R. Hood-McNeely-Geake Malprac-
    tice Arbitration Act to be unconscionable and unconstitutional.
    Defendants applied for leave to appeal to the Supreme Court
    and the Supreme Court, in lieu of granting leave to appeal,
    reversed and remanded to the Court of Appeals for considera-
    tion of other issues, 419 Mich 882 (1984). Now *held:*

    1. The R. Hood-McNeely-Geake Malpractice Arbitration Act
    abrogates the common-law rule that a parent may not waive,
    release or compromise claims of a child and permits a parent to
    bind the child to arbitration of medical malpractice claims.

    2. Plaintiffs' allegations on appeal that rescission would be
    proper because the parent's signature on the child's behalf was
    either coerced or fraudulently induced must be dismissed be-
    cause they were not raised in the trial court.

    Affirmed.

PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ACT — ARBITRA-
    TION — PARENT AND CHILD.

    The R. Hood-McNeely-Geake Malpractice Arbitration Act abro-
        gates the common-law rule that a parent may not waive,
        release or compromise claims of a child and permits a parent to

REFERENCES FOR POINTS IN HEADNOTE
59 Am Jur 2d, Parent and Child §§ 49, 112.
61 Am Jur 2d, Physicians, Surgeons, and Other Habeas § 376.
Arbitration of medical malpractice claims. 84 ALR3d 375.

bind the child to arbitration of medical malpractice claims (MCL 600.5046[2]; MSA 27A.5046[2]).

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Donald A. Ducastel*), for defendant Providence Hospital.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Joseph V. Walker* and *Raymond W. Morganti*), for defendant Oakland Emergency Physicians, Inc.

Before: CYNAR, P.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiffs commenced a suit in Oakland County Circuit Court alleging malpractice. Defendants Providence Hospital and Oakland Emergency Physicians, P.C., moved separately for accelerated judgments or to compel arbitration. The court granted the motions to compel arbitration on September 22, 1980, and held the motions for accelerated judgment to be moot. On December 17, 1980, the court entered its order granting dismissal. Plaintiffs appealed to this Court as of right. In a per curiam opinion Judges KAUFMAN, D. C. RILEY and CYNAR reversed the trial court, finding the R. Hood-McNeely-Geake Malpractice Arbitration Act, MCL 600.5040, *et seq.;* MSA 27A.5040 *et seq.* unconscionable and unconstitutional. Defendants applied for leave to appeal to the Michigan Supreme Court. The application was held in abeyance pending a decision in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d 736 (1984). After the decision in *Morris, supra,* the judgment in this case was reversed and the case has been

remanded for consideration of the remaining issue on appeal, 419 Mich 882 (1984).

On November 27, 1977, Lloyd Benson, IV, an eight-month-old minor, was treated as an outpatient in the emergency room at Providence Hospital. Plaintiff-minor's mother executed an arbitration agreement pursuant to the provisions of the R. Hood-McNeely-Geake Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* Plaintiff now contests the validity of the agreement. Plaintiffs claim that a parent may not waive a child's right to a jury trial by signing the arbitration agreement.

Under the common law a parent has no authority to waive, release or compromise claims by or against his or her child. *Schofield v Spilker,* 37 Mich App 33; 194 NW2d 549 (1971); *Reliance Ins Co v Haney,* 54 Mich App 237; 220 NW2d 728 (1974); 67A CJS, Parent & Child, § 114, pp 469-470. However, the common law can be modified or abrogated by statute. *Bean v McFarland,* 280 Mich 19; 273 NW 332 (1937). Because the common law may be abrogated by statute, a child can be bound by a parent's act when a statute grants that authority to a parent. *Reliance Ins Co, supra,* p 242; *Doyle v Giuliucci,* 62 Cal 2d 606; 43 Cal Rptr 697; 401 P2d 1 (1965); 39 Am Jur 2d, Guardian & Ward, § 99, p 84. The R. Hood-McNeely-Geake Malpractice Arbitration Act clearly changes the common law to permit a parent to bind a child to an arbitration agreement. MCL 600.5046(2); MSA 27A.5046(2). There can be no constitutional challenge based on this change in the common law. *Bean, supra,* p 21.

Plaintiffs also suggest that rescission would be proper because the parent's signature on the child's behalf was either coerced or fraudulently induced. These contentions must be dismissed be-

cause they were not raised in the trial court. Furthermore we cannot conclude that plaintiffs have offered sufficient facts in this record to show coercion or fraud in the execution of the arbitration agreement.

On remand to this Court, the judgment of the trial court is affirmed.