McKINSTRY v VALLEY OBSTETRICS-GYNECOLOGY CLINIC, PC
(AFTER REMAND)

Docket No. 78811. Submitted June 13, 1984, at Lansing.—Decided
October 8, 1985. Leave to appeal granted, 424 Mich 877.

Plaintiffs, Kathleen McKinstry, Thomas McKinstry and Kathleen
McKinstry, as next friend of Amanda McKinstry, a minor,
brought an action in the Saginaw Circuit Court against defen-
dants, Valley Obstetrics-Gynecology Clinic, P.C., and Saginaw
General Hospital, seeking damages for alleged negligence in
the prenatal treatment and delivery of Amanda McKinstry.
Based on the existence of an arbitration agreement pursuant to
the medical malpractice arbitration act, the trial court, Hazen
R. Armstrong, J., granted an order dismissing the cause for
submission to arbitration. Plaintiffs appealed, and the Court of
Appeals held the arbitration panel's statutorily mandated com-
position to be unconstitutional, 120 Mich App 479 (1982).
Defendants applied for leave to appeal and the Supreme Court,
in light of *Morris v Metriyakool,* 418 Mich 423 (1984), vacated
the judgment of the Court of Appeals and remanded to the
Court of Appeals to consider plaintiffs' remaining issues, 419
Mich 873 (1984). The Court of Appeals remanded to the trial
court for an evidentiary hearing on whether the defendants
strictly complied with the malpractice arbitration act and
retained jurisdiction. After remand, *held:*

1. The burden of proof of showing that an arbitration agree-
ment did not validly waive the plaintiff's right to a jury trial is
upon the plaintiff when he seeks to avoid the effect of the
agreement. The trial court found that plaintiffs did not meet
this burden, and that finding is supported by the record and
not clearly erroneous.

2. An arbitration agreement made by a parent on behalf of
an unborn child is binding upon and may not be disaffirmed by

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
Validity and construction of state statutory provisions relating to
limitations on amount of recovery in medical malpractice claim
and submission of such claim to pretrial panel. 80 ALR3d 583.

the child. The arbitration agreement executed on behalf of Amanda McKinstry is binding upon her.

3. The issue of whether Thomas McKinstry can pursue an action in court where he did not sign an arbitration agreement was not raised below and the Court of Appeals refused to address it.

Affirmed.

1. Negligence — Arbitration — Medical Malpractice Arbitration Act — Burden of Proof.

The burden of proof of showing that an arbitration agreement did not validly waive the plaintiff's right to a jury trial is upon the plaintiff when he seeks to avoid the effect of the agreement.

2. Arbitration — Medical Malpractice Arbitration Act — Infants — Fetuses.

An arbitration agreement made by a parent on behalf of an unborn child is binding and may not be disaffirmed by the child (MCL 600.5046[2]; MSA 27A.5046[2]).

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John N. Markwick*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Stephen M. Kelley* and *Susan Healy Zitterman*), for Saginaw General Hospital.

*McGraw & Borchard, P.C.* (by *Patrick J. McGraw*), for Valley Obstetrics-Gynecology Clinic, P.C.

AFTER REMAND

Before: Danhof, C.J., and R. B. Burns and Wahls, JJ.

Per Curiam. In our first opinion in this matter, we held that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* was unconstitutional because the statutory agreement form failed to advise patients of the arbitration panel's statutorily mandated composition. Chief Judge Danhof dissented. 120 Mich App 479;

327 NW2d 507 (1982). In light of *Morris v Metriya-kool,* 418 Mich 423; 344 NW2d 736 (1984), the Supreme Court vacated our judgment and remanded to us to consider plaintiffs' remaining issues. 419 Mich 873 (1984). The case is now before us following our remand to the trial court for an evidentiary hearing on plaintiffs' claim that defendants did not strictly comply with the act.

On October 17, 1978, plaintiff Kathleen McKinstry was admitted to Saginaw General Hospital by employees of Valley Obstetrics-Gynecology Clinic, P.C. Kathleen was suffering from a pregnancy complication, the symptoms of which included high blood pressure, headaches, dizziness and seeing spots before her eyes. Upon admission to the hospital, she signed two arbitration agreements, one in her name and one in the name of "Baby or Babies McKinstry". During her hospital stay, Kathleen gave birth to a daughter, Amanda, who suffered a shoulder and arm injury known as Erb's Palsy. After her and Amanda's discharge from the hospital, Kathleen did not revoke either of the arbitration agreements within the sixty-day period provided for by the agreements and MCL 600.5042(3); MSA 27A.5042(3). Plaintiff Thomas McKinstry was not a party to the agreements.

I

We first address whether the arbitration agreements validly waived the plaintiffs' constitutional right to a jury trial. The initial question is who bears the burden of proof on this issue. In *Morris, supra,* the merits of this question were addressed by only two justices, in an opinion written by Justice KAVANAGH with Justice LEVIN concurring. Justice KAVANAGH wrote:

"We reject plaintiffs' allocation of the burden of proof
to defendants. The burden of avoiding these arbitration
agreements, as with other contracts, rests with those
who would avoid them. The act states that an agree-
ment to arbitrate which includes the statutory provi-
sions shall be presumed valid. MCL 600.5041(7),
600.5042(8); MSA 27A.5041(7), 27A.5042(8).

"The burden of showing some ground for rescinding
or invalidating a contract is not altered merely because
the contract entails eschewal of constitutional rights.
Plaintiffs' allegations of coercion, like other contract
defenses of mistake, duress, and fraud, must be proven
by the party seeking to avoid the contract on such
grounds." 418 Mich 439-440.

Since *Morris,* this Court has not found an easy
answer to the question of who bears the burden of
proving a valid waiver. In *Roberts v McNamara-
Warren Community Hospital,* 138 Mich App 691;
360 NW2d 279 (1984), a panel of this Court placed
the burden on the defendant hospital, citing *Moore
v Fragatos,* 116 Mich App 179; 321 NW2d 781
(1982). In *Aluia v Harrison Community Hospital
(On Remand),* 139 Mich App 742; 362 NW2d 783
(1984), decedent's son's affidavit that he did not
fully understand the admitting clerk's instructions
and that, therefore, he could not adequately trans-
late for the decedent was held to have raised a
question of fact as to whether decedent may have
been presumed to have known the contents of the
agreement she signed. This Court reversed the
order of accelerated judgment in favor of the
defendant hospital and remanded for a hearing to
determine if decedent made a knowing, informed
waiver of her rights. The panel did not indicate
who had the burden of proof. In *Harte v Sinai
Hospital of Detroit,* 144 Mich App 659; 375 NW2d
782 (1985), a panel of this Court concluded that,
where plaintiffs have not alleged any noncompliance
with statutory requirements, the agreements to arbi-

trate are presumed valid. Finding no factual issue concerning plaintiff's understanding of the contents of the agreements, this Court upheld the trial court's grant of summary judgment. The panel did not decide who had the burden of proof, although noting, as the *Aluia* Court had done, that *Morris* is not dispositive of the question.

We now hold that the burden is on plaintiffs to prove facts in avoidance of the medical malpractice arbitration agreements. This position was implicit in our first opinion in this matter, 120 Mich App 483–484 where we stated:

"We find without merit, however, plaintiffs' claim that because the agreement fails to provide a more detailed statement of the procedures used in arbitration pursuant to the MMAA, and an explanation of how they differ from those of a trial, there can be no knowing, intelligent and voluntary waiver of a patient's constitutional right to trial. Although plaintiffs' argument is consistent with positions recently espoused by members of this Court,[4] we agree with the majority in *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981), and *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1981), that a more detailed statement is unnecessary for a valid waiver. See also *Horn v Cooke,* 118 Mich App 740; 325 NW2d 558 (1982).

"The agreement specifically informs the patient of the right to trial by judge or jury and that arbitration is a substitute for trial.

"In signing the agreement plaintiff Kathleen McKinstry expressly certified that she did 'fully understand' the contents of the agreement. In the event of coercion or fraud in the execution of a particular arbitration agreement, the agreement, like any contract, is void or at least voidable. *Horn v Cooke, supra; Brown v Siang, supra.*

---

"[4] See *Moore v Fragatos,* 116 Mich App 179; 321 NW2d 781 (1982); *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 437 (1982). (Opinion by CYNAR, J.)"

In this case we conclude that the arbitration agreements were valid waivers of the right to a jury trial. The court below found that defendants had complied with the act, that there was no fraud or coercion, and that Kathleen McKinstry was in a sufficient physical and mental condition to sign a valid arbitration agreement. The findings of fact are supported by the record and not clearly erroneous. MCR 2.613(C).

## II

We next address whether Amanda McKinstry is bound by the arbitration agreement signed on her behalf before she was born.

MCL 600.5046(2); MSA 27A.5046(2) provides:

"A minor child shall be bound by a written agreement to arbitrate disputes, controversies, or issues upon the execution of an agreement on his behalf by a parent or legal guardian. The minor child may not subsequently disaffirm the agreement."

Plaintiffs argue that this statute is inapplicable to the instant case because a fetus *in utero* is not a minor child. We can agree that the term "minor child" does not include an unborn child, but we are not convinced that such a determination is dispositive of the issue at hand.

In construing a statute, we primarily seek to determine and give effect to legislative intent. *Nash v DAIIE,* 120 Mich App 568, 571; 327 NW2d 521 (1982), *lv den* 417 Mich 1088 (1983). This Court has recognized that the medical malpractice arbitration act was enacted in response to a medical malpractice crisis and, thus, as a remedial statute should be liberally construed to effectuate its purposes. *Miller v Swanson,* 95 Mich App 36, 43-44;

289 NW2d 875 (1980). On the other hand, plaintiffs point out that the act clearly displaces the common law remedy of a jury trial and, therefore, should be strictly and narrowly construed. *Capman v Harper-Grace Hospital,* 96 Mich App 510, 517-518; 294 NW2d 205 (1980), *Cox v Hayes,* 34 Mich App 527; 192 NW2d 68 (1971). Furthermore, this Court has recently noted that § 5046(2) clearly changes the common law to permit a parent to bind a child to an arbitration agreement. *Benson v Granowicz,* 140 Mich App 167, 169; 363 NW2d 283 (1984).

If we construed § 5046(2) most narrowly, we could conclude that the language "upon the execution" means at and from the time of the execution of the agreement. Given that construction, we might then conclude that, because in this case there was no minor child at the time Kathleen McKinstry executed the arbitration agreement, the statute is inapplicable and the agreement cannot be saved by falling back on the common law. However, the very fact that § 5046(2), and the act generally, is in derogation of the common law helps persuade us that a different view of the statute is preferable.

As indicated above, at common law a parent did not have the authority to bind a child to an arbitration agreement. *Benson, supra.* We believe that the purpose of § 5046(2) is to grant parents that authority and thus enable many claims by minor children to go to arbitration. We do not believe that the Legislature was concerned in § 5046(2) with the procedure for executing the agreement, §§ 5041 and 5042 being addressed to that matter. We think it sufficient that Amanda is now a minor child and that she is seeking to disaffirm an agreement clearly executed on her behalf.

## III

The final issue is whether plaintiff Thomas Mc-Kinstry can pursue an action in court where he did not sign an arbitration agreement. This issue was not raised below, so we will not address it on appeal. *Cramer v Metropolitatn Savings Ass'n (Amended Opinion),* 136 Mich App 387, 405-406; 357 NW2d 51 (1984).

Affirmed.