GUERTIN v MARRELLA

Docket No. 81134. Submitted December 18, 1985, at Detroit.—Decided February 19, 1986. Leave to appeal granted, 425 Mich 861.

Plaintiff, Robert L. Guertin, brought an action in the Macomb Circuit Court against Basil Marrella, Hutzel Hospital—Warren Division and others alleging medical malpractice. The court, Frank E. Jeanette, J., granted defendant's motion for accelerated judgment for lack of subject-matter jurisdiction because of a valid arbitration agreement, holding that plaintiff had not presented sufficient proof that the agreement was invalid. Plaintiff appealed. *Held:*

The burden is on the defendant in a malpractice action to show that the plaintiff knowingly, intelligently, and voluntarily waived his or her right to court access because he had signed a valid arbitration agreement. The Court of Appeals could not say that, had the burden of proof been properly allocated, the court's ruling would have been the same.

Reversed and remanded.

ARBITRATION — MALPRACTICE ARBITRATION — WAIVER OF RIGHT TO COURT ACCESS.

The burden is on the defendant in a malpractice action to show that the plaintiff knowingly, intelligently, and voluntarily waived his or her right to court access because he had signed a valid arbitration agreement.

*Colista & Urso* (by *Constance J. Allen),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Gary A. Miller* and *Robert D. Brignall),* for Dr. Basil Marella.

*Franklin, Petrulis, Bigler, Berry & Johnson, P.C.*

REFERENCES

Am Jur 2d, Arbitration and Award §§ 15, 19, 20, 41.

Arbitration of medical malpractice claims. 84 ALR3d 375.

(by *Lisa DeGryse),* for Hutzel Hospital—Warren Division.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON, JR.,* JJ.

PER CUIRAM. Plaintiff appeals as of right from an order of the circuit court granting defendants' motion for accelerated judgment on plaintiff's action alleging medical malpractice. The circuit court granted defendants' motion on the ground that it lacked subject-matter jurisdiction, GCR 1963, 116.1, now MCR 2.116(C), because plaintiff had executed a valid binding-arbitration agreement. The case was thereafter ordered to arbitration.

The facts which gave rise to this appeal are not disputed. In December of 1979, plaintiff was admitted to Hutzel Hospital—Waren Division, formerly known as McNamara Community Hospital. At the hospital, plaintiff underwent corrective foot surgery. This procedure formed the basis of plaintiff's malpractice and negligence action filed against the defendants on April 14, 1983.

On May 14, 1984, defendants filed a motion to compel arbitration and for accelerated judgment, alleging that plaintiff executed a valid arbitration agreement and had not revoked it within the statutory period and, therefore, the circuit court lacked subject-matter jurisdiction over the claim. An evidentiary hearing concerning the validity of the arbitration agreement was held on December 10, 1984.

At the hearing, both the plaintiff and the admitting clerk of the hospital provided testimony concerning plaintiff's execution of the arbitration agreement. Plaintiff admitted that his signature

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeared on the agreement, but testified that no one explained the agreement to him and that he had not received the required informational booklet. The admitting clerk testified that she could not specifically recall the admission of the plaintiff on December 12, 1979. However, she did testify as to her usual procedure relative to admission and how she explained the arbitration agreement to each patient and provided them with an informational booklet.

The trial court found that the agreement was properly and validly executed. The court further ruled that plaintiff had failed to present sufficient evidence that the agreement had been the product of fraud or misrepresentation. As a result, the court ordered the case sent for arbitration. On appeal, plaintiff asserts that the court erred in finding that he had executed a valid arbitration agreement.

Initially, we find it necessary to determine which party bears the burden of proof in establishing or disproving the validity of a signed arbitration agreement. In the present case, the trial court placed the burden on the plaintiff to establish that the agreement was invalid. The court reasoned that since the plaintiff signed the agreement it is presumed valid and therefore the plaintiff has the burden of proving that the agreement did not satisfy the statutory requirements.

There is presently a split of authority in this Court concerning who bears the burden of proving a valid waiver. In *Moore v Fragatos,* 116 Mich App 179, 186; 321 NW2d 781 (1982), a panel of this Court held that the burden is on the defendant to show that plaintiff knowingly, intelligently, and voluntarily waived his or her right to court access. See, also, *Roberts v McNamara-Warren Community Hospital,* 138 Mich App 691, 694; 360 NW2d

279 (1984); *Aluia v Harrison Community Hospital (On Remand)*, 139 Mich App 742, 745-747; 362 NW2d 783 (1984). These panels view the arbitration agreement as a waiver of a constitutional right and reason that the establishment of a waiver of a constitutional right is never presumed, but requires an affirmative showing that the waiver was made knowingly, intelligently, and voluntarily. *Id.* Thus, they have placed the burden on the defendant to show that the plaintiff properly waived his or her rights.

In contrast, other panels have held that a medical malpractice arbitration agreement should be treated as a contract and the burden of avoiding it placed with the party wishing to set it aside. See, *McKinstry v Valley Obstetrics-Gynecology Clinic, PC (After Remand)*, 146 Mich App 307; 380 NW2d 93 (1985); *Horn v Cooke*, 118 Mich App 740; 325 NW2d 558 (1982). These panels have held that the validity of such an agreement should be determined by ordinary contract principles.

We believe that the burden of establishing that the arbitration agreement was executed in strict compliance with the relevant statute should lie with the defendant. Presumptions regarding the construction of contract documents, such as the presumption that a person had read what he or she has signed, should not prevail over the presumption against the waiver of a constitutional right. *Moore, supra,* p 187. Once the defendant has established that the arbitration agreement complied with the statutory requirements, the burden would be on the plaintiff to establish the grounds to avoid the arbitration agreement.

In the present case, the lower court improperly placed the burden of proof on the plaintiff to prove the invalidity of the arbitration agreement. Therefore, the lower court must be reversed and the

case remanded for further proceedings. We cannot say that, had the burden been properly placed with the defendant, the ruling of the trial court would have been the same.

Since we view the burden of proof issue as dispositive, the remaining issues raised by the plaintiff need not be considered.

Reversed and remanded.