OSBORNE v ARRINGTON

Docket No. 84638. Submitted April 7, 1986, at Detroit. Decided June 17, 1986.

Bandlyn Osborne, individually and as conservator of Darrell Osborne, Jr., a minor, and Darrell Osborne, Sr., brought a medical malpractice action in Wayne Circuit Court against Dr. Robyn Arrington, the Sisters of Mercy Health Corporation doing business as St. Joseph Mercy Hospital and others. Defendant hospital moved for accelerated judgment and to compel arbitration pursuant to medical malpractice arbitration agreements signed by Bandlyn Osborne on her own behalf and on behalf of her son Darrell Osborne, Jr., at the time she was in defendant hospital for the birth of her son. Neither of the agreements had been revoked within the statutory sixty-day period after mother and child left the hospital; however, the trial court, Robert J. Colombo, Jr., J., denied defendant hospital's motion, holding that, since Darrell Osborne, Jr., is mentally incompetent, the sixty-day revocation period was tolled during the period of such incompetence and, accordingly, the arbitration agreement had been timely revoked as a matter of law. Defendant hospital appealed by leave granted. *Held:*

1. The Legislature has evidenced a clear intent that a parent may sign a medical malpractice arbitration agreement on behalf of his or her child and thereby bind the child and that the child may not thereafter disaffirm the agreement. Since the Legislature has evidenced the clear intent that the act of the parent shall bind the child, the fact that the child is mentally incompetent does not act to toll the running of the sixty-day revocation period.

2. On remand, the trial court shall determine whether there has been noncompliance by defendant hospital with the statutory mandates relative to medical malpractice arbitration agreements and whether the noncompliance with the statutory

REFERENCES
Am Jur 2d, Arbitration and Award §§ 63, 172.
Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 374, 376.
Arbitration of medical malpractice claims. 84 ALR3d 375.

mandates, if any, renders the arbitration agreements unenforceable.

Reversed and remanded.

ARBITRATION — MALPRACTICE ARBITRATION ACT — INFANTS.

A medical malpractice arbitration agreement made by a parent on behalf of his or her minor child is binding and may not be disaffirmed by the child; the fact that the minor child may be mentally incompetent at the time the arbitration agreement was executed by the parent does not act to toll the running of the period in which such agreement can be disaffirmed (MCL 600.5046[2]; MSA 27A.5046[2]).

*Thurswell, Chayet & Weiner* (by *Gerald E. Thurswell* and *Janet M. Brandon*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Stephen M. Kelley* and *James D. Zazakis*), for St. Joseph Mercy Hospital.

Before: DANHOF, C.J., and HOOD and J. B. SULLIVAN, JJ.

PER CURIAM. We granted leave to defendant St. Joseph Mercy Hospital to consider the propriety of the trial court's denial of defendant's motion for accelerated judgment and to compel arbitration. Plaintiff Bandlyn Osborne signed an arbitration agreement when she entered the defendant hospital on September 2, 1978. Her son, Darrell Osborne, Jr., was born that same day. The following day, Ms. Osborne signed an arbitration agreement on behalf of her son. On September 7, 1978, both mother and child were discharged from the hospital, and no revocation of the arbitration agreements was made within the sixty-day period provided under the Michigan Malpractice Arbitration Act, MCL 600.5042(3); MSA 27A.5042(3).

It is undisputed that the child is mentally incompetent, and he allegedly suffers from brain damage, cerebral palsy and mental retardation.

When plaintiffs filed a malpractice complaint in the circuit court, defendant moved for accelerated judgment and to compel arbitration pursuant to the agreements. The trial court denied defendant's motion, concluding that the plaintiffs, as the parties seeking to avoid the arbitration agreements, had the burden of proof and that since Darrell Osborne, Jr., was mentally incompetent his disability tolled the running of the sixty-day revocation period. The circuit court found further that, since the revocation period was tolled, the plaintiffs could still revoke the arbitration agreement and held that the arbitration agreement had been timely revoked as a matter of law. We reverse and remand.

The relevant provision of the MMAA, MCL 600.5046(2); MSA 27A.5046(2) provides:

> A minor child shall be bound by a written agreement to arbitrate disputes, controversies, or issues upon the execution of an agreement on his behalf by a parent or legal guardian. The minor child may not subsequently disaffirm the agreement.

The trial court relied upon MCL 600.5851; MSA 27A.5851(1), finding that the statute created an exemption from the running of the period of limitation in the MMAA. Section 5851(1) provides in relevant part:

> If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

This Court has recently noted that § 5046(2)

clearly changes the common law to permit a parent to bind a child to an arbitration agreement. *Benson v Granowicz,* 140 Mich App 167, 169; 363 NW2d 283 (1984), lv den 422 Mich 976 (1985). Plaintiffs rely on this Court's decisions in *Amwake v Mercy Memorial Hospital,* 92 Mich App 546; 285 NW2d 369 (1979); *Paavola v St Joseph Mercy Hospital Corp,* 119 Mich App 10; 325 NW2d 609 (1982); *DiPonio v Henry Ford Hospital,* 109 Mich App 243; 311 NW2d 754 (1981), and *Wallisch v Fosnaugh,* 126 Mich App 418; 336 NW2d 923 (1983), lv den 418 Mich 871 (1983), in support of their argument that the arbitration agreement signed on behalf of the infant Darrell Osborne, Jr., had been timely revoked because he is mentally incompetent, and thus the saving provision for mental incompetents found in MCL 600.5851(1) applies. The trial court adopted plaintiffs' argument in its decision.

However, the instant case can be readily distinguished from the cited cases on the facts. In *Amwake,* this Court, analogizing to § 5851(1), found that the filing of a medical malpractice complaint by plaintiff's special guardian impliedly revoked the arbitration agreement signed by plaintiff because the adult plaintiff was in a comatose state which prevented her from comprehending her rights or from exercising them in her best interest.

In *DiPonio, supra,* plaintiffs' decedent signed an arbitration agreement before he died. Plaintiffs filed suit and later revoked the arbitration agreement signed by the decedent after "discovering it." On leave to appeal, this Court affirmed the circuit court's denial of defendant's motion for accelerated judgment and to compel arbitration, holding that, since plaintiffs' decedent's death was akin to a disability, the sixty-day revocation period was tolled during the period of disability and that the

removal of the disability occurred when plaintiffs were appointed as personal representatives. 109 Mich App 253. Since the filing of the malpractice complaint was within the sixty days following plaintiffs' appointment as personal representatives, timely revocation had occurred. *Id.* The Court also was persuaded by the "discovery" rule in tolling the sixty-day revocation period as the personal representatives had not been aware of the existence of the arbitration agreement.

In *Paavola, supra,* this Court held that the appointment of a guardian for a mental incompetent does not remove the disability and commence the running of the limitation period for purposes of MCL 600.5851(1). 119 Mich App 14; see also *Wallisch, supra,* p 426. All of these cases which analogize to the statute of limitations tolling period for mental incapacity involved individuals who signed the arbitration agreements and later became disabled for one reason or another. In the instant case, at no time during the revocation period was Bandlyn Osborne under a disability that affected her statutory power to create the agreement or the corresponding power to revoke the arbitration agreement.

Further, the legislative determinations that (1) a parent may bind his or her minor child to an arbitration agreement and (2) a minor child may not subsequently disaffirm have been upheld by this Court in *Benson v Granowicz, supra; McKinstry v Valley Obstetrics-Gynecology Clinic, PC, (After Remand)* 146 Mich App 307; 380 NW2d 93 (1985), lv gtd 424 Mich 877 (1986), and *Roberts v McNamara-Warren Community Hospital,* 138 Mich App 691; 360 NW2d 279 (1984). In *Benson,* plaintiff mother executed an arbitration agreement on behalf of her eight-month-old minor son, but argued that parents could not waive the minor

child's right to jury trial by signing an arbitration agreement. This Court disagreed, finding that the MMAA clearly changed the common law to permit a parent to bind a child to an arbitration agreement. 140 Mich App 167. Similarly, in *Roberts, supra,* this Court noted that, under the act, "a minor is bound by the consent of a parent or legal guardian and may not subsequently disaffirm any agreement entered into on the minor's behalf. 138 Mich App 694.

In *McKinstry, supra,* plaintiff signed two arbitration agreements, one on her behalf and one on behalf of her unborn child who was later born with Erb's Palsy. Neither of the agreements was revoked within the sixty-day revocation period. This Court held that, pursuant to § 5046(2), the plaintiff mother had the legal authority to bind her minor child to arbitrate any and all claims the child may have, stating:

> In this case we conclude that the arbitration agreements were valid waivers of the right to a jury trial. The court below found that defendants had complied with the act, that there was no fraud or coercion, and that Kathleen McKinstry was in a sufficient physical and mental condition to sign a valid arbitration agreement. The findings of fact are supported by the record and not clearly erroneous. MCR 2.613(C). [146 Mich App 312.]

Nothing in the record from below suggests that Bandlyn Osborne was not in a sufficient physical and mental condition to revoke the arbitration agreements within the sixty-day period.

Further, in this case the analogy to the statute of limitations tolling period for mental incapacity loses force not only because the parent who bound the minor child was competent, but also because no complete bar to plaintiffs' claim results. Rather,

in this case, the claim has been brought in the wrong forum, but will still be heard through arbitration. Because the Legislature has created a specific remedy for the disability for infants and minors which specifically prohibits minors from subsequently disaffirming or revoking an arbitration agreement by giving the parent that power, we find that the disability of Darrell Osborne, Jr., while unfortunate, is irrelevant to this jurisdictional question. The trial court's denial of defendant's motion for accelerated judgment on this ground is reversed.

However, we further note that at the motion hearing before the lower court plaintiffs raised additional issues with respect to defendant's noncompliance with the statutory requirement regarding presentation of the arbitration agreement. Although plaintiffs argued below that the agreement was signed without the presentation of the arbitration booklet to plaintiff, and that the arbitration agreement was not printed in twelve-point boldface type, the lower court did not rule on the validity of the agreement, relying instead upon the jurisdictional issue for its decision. We note parenthetically that a panel of this Court held that failure to supply a copy of the information brochure results in an unenforceable arbitration agreement. *Roberts v McNamara-Warren, supra.* Under the circumstances, we conclude that remand to the trial court is necessary for a determination of the issues of defendant's statutory compliance with the Malpractice Arbitration Act. The plaintiffs will still have the burden of proving noncompliance with the statute. *Feinberg v Straith Clinic,* 151 Mich App 204; 390 NW2d 697 (1986).

Reversed and remanded.