CROWN v SHAFADEH

Docket No. 87488. Submitted June 10, 1985, at Detroit. Decided October 9, 1986.

Kathy Ann Crown, a minor, by her next friend, Shirley R. Comfort, her mother, brought an action in the Wayne Circuit Court against Asghar Shafadeh, M.D., and Saratoga General Hospital, Inc., alleging medical malpractice in the treatment of Kathy Ann Crown. The trial court, Patrick J. Duggan, J., granted the hospital's motion for summary disposition or to compel arbitration based upon an arbitration agreement executed by Ms. Comfort on the child's behalf. Plaintiff appeals.

The Court of Appeals *held:*

The trial court did not err in compelling arbitration.

1. The Malpractice Arbitration Act changes the common law to permit a parent to bind a child to an arbitration agreement. Thus, the absence of the child's signature does not render the arbitration agreement invalid. Kathy Crown was adequately identified on the agreement.

2. The hospital did not waive its right to enforce the agreement.

3. MCL 600.5046(2); MSA 27A.5046(2) does not violate the federal or state guarantees of equal protection.

4. Plaintiff failed to establish that the arbitration agreement was induced by fraud.

Affirmed.

1. ARBITRATION — MALPRACTICE ARBITRATION ACT — ARBITRATION AGREEMENTS.

The Malpractice Arbitration Act permits a parent to bind a child to an arbitration agreement; the absence of the child's signature on the agreement does not render the agreement invalid (MCL 600.5046[2]; MSA 27A.5046[2]).

REFERENCES

Am Jur 2d, Arbitration and Award §§ 8, 9, 36 *et seq.*

Constitutionality of arbitration statutes. 55 ALR2d 432.

See also the annotations in the Index to Annotations under Arbitration and Award.

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — MALPRACTICE ARBI-
    TRATION ACT — ARBITRATION AGREEMENTS.

    The provision of the Malpractice Arbitration Act which permits a
    parent to bind a child to an arbitration agreement does not
    violate the federal or state guarantees of equal protection (MCL
    600.5046[2]; MSA 27A.5046[2]).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for Saratoga General Hospital, Inc.

Before: DANHOF, C.J., and CYNAR and J. M. BATZER,* JJ.

PER CURIAM. Plaintiff appeals as or right from the order of the Wayne Circuit Court granting defendant Saratoga General Hospital's motion for summary disposition or to compel arbitration. MCR 2.116, MCR 3.602. We affirm.

Kathy Ann Crown, a minor, was admitted to defendant Saratoga General Hospital for the purpose of undergoing a gastric stapling. At the time of Crown's admission, her mother, Shirley Comfort, executed an arbitration agreement on Crown's behalf. Plaintiff now maintains that the agreement is not enforceable since it was not signed by Crown and because Crown was not specifically identified as the patient. We disagree.

The Malpractice Arbitration Act, MCL 600.5046(2); MSA 27A.5046(2), changes the common law to permit a parent to bind a child to an arbitration agreement. *Benson v Granowicz,* 140 Mich App 167; 363 NW2d 283 (1984), lv den 422 Mich 976 (1985); *Osborne v Arrington,* 152 Mich App 676; 394 NW2d 67 (1986). Accordingly, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

absence of Kathy Crown's signature does not render the arbitration agreement invalid. We also note that Kathy Crown's name and patient number, while not typed on the designated space, was, in fact, stamped across the top of the form. Moreover, Ms. Comfort knew the form related to her daughter and admitted signing it on her behalf. We conclude that Crown was adequately identified and the arbitration agreement was not rendered unenforceable on this basis.

Plaintiff next contends that because the hospital delayed in asserting its right to arbitration, it has thereby waived its right to enforce the agreement. The trial court found, and we agree, that the delay was not unreasonable in light of the defendant's need to depose plaintiff and in view of the fact that defendant's answer raised the presence of the arbitration agreement. We are likewise unconvinced that defendant's participation in discovery constitutes a waiver since the discovery was relevant to the validity of the arbitration agreement.

Next, plaintiff argues that MCL 600.5046(2); MSA 27A.5046(2) violates the equal protection clause of the federal constitution because it binds minors to the arbitration agreement after the expiration of the sixty-day revocation period while persons who are "otherwise disabled" are permitted to toll the sixty-day revocation period via MCL 600.5851(1); MSA 27A.5851(1). Age is not a "suspect classification" for equal protection purposes. *People v Jacqueline Walker,* 135 Mich App 267; 354 NW2d 312 (1984), lv den 421 Mich 860 (1985), app dis — US —; 106 S Ct 32; 88 L Ed 2d 26 (1985). Therefore, plaintiff has the burden of showing that the classification is arbitrary and without reasonable justification. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975); *Walker, supra.* We do not believe that plaintiff has

met her burden. Our Legislature has recognized the need to protect mentally incapacitated persons. On the other hand, since children's rights are deemed to be adequately protected by their parents, no special protection is required. *Osborn, supra.* Similarly, the state's interest in encouraging arbitration coupled with the parent's active participation in executing the arbitration agreement provides reasonable justification for treating arbitration agreements differently than other types of contracts executed by minors. We find no violation of federal or state guarantees of equal protection.

Plaintiff's final claim is that the agreement was induced by fraud. We agree with the trial court that Ms. Comfort's deposition testimony refutes her claim of fraudulent inducement. Plaintiff failed to establish that the arbitration agreement was induced by fraud and the lower court did not err in compelling arbitration.

Affirmed.