WINKLER v CHILDREN'S HOSPITAL OF MICHIGAN

Docket No. 128679. Submitted April 15, 1992, at Detroit. Decided October 19, 1992, at 9:00 A.M. Leave to appeal sought.

Steven J. Winkler, for himself and as personal representative of the estate of his deceased minor child, Bret M. Winkler, and Doris U. Winkler brought a wrongful death action in the Wayne Circuit Court against Children's Hospital of Michigan, Ramon Berguer, M.D., P.C., and others. The decedent had died while undergoing surgery by Berguer at the hospital. Before his admission to the hospital, the decedent's mother, Doris U. Winkler, had executed a malpractice arbitration agreement on his behalf. Steven J. Winkler, within sixty days of his appointment as the personal representative of the decedent's estate, but more than sixty days after the decedent died, notified the hospital that he was revoking the arbitration agreement. In response to the complaint, the hospital and Berguer moved to compel arbitration or dismiss the action, claiming that the attempted revocation was not timely under MCL 600.5042(3); MSA 27A.5042(3). The court, Kaye Tertzag, J., granted the motion. The plaintiffs appealed.

The Court of Appeals held:

Section 5042(3) provides that an arbitration agreement may be revoked by a hospital patient within sixty days after discharge from the hospital. Where an adult dies while a patient of a hospital, case law provides that the revocation period is tolled until a personal representative of the estate is appointed. There is no reason to distinguish between revocation following the death of a minor and revocation following the death of an adult. Thus, the trial court erred in granting summary disposition for the defendants.

Reversed and remanded for further proceedings.

NEGLIGENCE — MEDICAL MALPRACTICE — ARBITRATION AGREEMENTS — REVOCATION — MINORS.

The sixty-day period for revocation of an agreement to arbitrate

REFERENCES

Am Jur 2d, Arbitration and Award § 41.

Arbitration of medical malpractice claims. 84 ALR3d 375.

malpractice claims against a hospital is tolled with respect to a minor patient who dies in a hospital until a personal representative of the estate of the minor is appointed (MCL 600.5042[3]; MSA 27A.5042[3]).

*Donald M. Fulkerson,* for the plaintiffs.

*Feikens, Foster, Van Male & DeNardis, P.C.* (by *Jack E. Vander Male* and *Joseph E. Kozely*), for the defendants.

Before: MURPHY, P.J., and NEFF and J. R. McDONALD,* JJ.

NEFF, J. Plaintiffs appeal as of right from an April 19, 1990, order granting partial summary disposition in favor of defendants Children's Hospital of Michigan and Ramon Berguer, M.D., P.C. We reverse and remand.

I

On August 24, 1987, Bret Michael Winkler, then age four, was admitted to Children's Hospital to undergo vascular surgery. On that same day, his mother, Doris U. Winkler, executed an arbitration agreement on his behalf. The agreement provided that she was choosing arbitration for the resolution of any future claims regarding Bret's hospital care, that the agreement to arbitrate could be revoked in writing within sixty days after discharge, and that she received a copy of a booklet explaining the arbitration agreement.

On August 26, 1987, Dr. Berguer performed vascular surgery on Bret. Two days later, Bret died in the hospital. Doris Winkler made no attempt to revoke the arbitration agreement.

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

On March 25, 1988, Steven Winkler was appointed personal representative of Bret's estate. On April 8, 1988, he sent a letter to Children's Hospital that purported to revoke the August 24, 1987, arbitration agreement signed by Doris Winkler. On October 13, 1988, plaintiffs instituted this action.

Dr. Berguer and Children's Hospital moved to dismiss plaintiffs' complaint or to compel arbitration on the ground that the arbitration agreement was not revoked within the sixty-day period specified in MCL 600.5042; MSA 27A.5042. They argued that plaintiffs, as legal representatives of their minor child, had the authority to revoke the arbitration agreement within that period, but failed to do so. They also contended that, contrary to plaintiffs' assertion, the sixty-day revocation period was not tolled until the appointment of a personal representative.

Plaintiffs replied that, under Michigan law, the revocation of the arbitration agreement was timely because it was executed within sixty days of the appointment of a personal representative. Plaintiffs also contended that the arbitration agreement was not valid because it was not presented in compliance with the Malpractice Arbitration Act (MAA), MCL 600.5040 et seq.; MSA 27A.5040 et seq.

Following evidentiary hearings on plaintiffs' contention regarding the validity of the agreement, the trial court ruled that the agreement was valid and, adopting defendants' arguments regarding the revocation issue, granted defendants' motions to dismiss or compel arbitration.

II

This case is governed by the MAA, § 5042(3) of

which provides for the revocation of arbitration agreements as follows:

> The agreement to arbitrate shall provide that the person receiving health care or treatment *or his legal representative, but not the hospital, may revoke the agreement within 60 days after discharge* from the hospital by notifying the hospital in writing. [MCL 600.5042(3); MSA 27A.5042(3). Emphasis added.]

The issue in this case is whether, following the death of a minor who is a party to an arbitration agreement, the running of the sixty-day revocation period is tolled until the appointment of a personal representative. While other cases have addressed the question where the decedent had been an adult and had signed the agreement, the precise issue in this case is one of first impression.

In *DiPonio v Henry Ford Hosp,* 109 Mich App 243; 311 NW2d 754 (1981), the plaintiffs' decedent signed an arbitration agreement upon entering the defendant hospital. He died the next day during surgery. The plaintiffs,. administrators of the decedent's estate, filed a medical malpractice action eleven months later. The defendant hospital moved for accelerated judgment and to compel arbitration.

In affirming the trial court's denial of the motion, this Court rejected the defendant hospital's argument that because death was analogous to discharge, the sixty-day revocation period should be measured from the decedent's death. Instead, it concluded that death was similar to the onset of a disability that rendered the decedent incapable of acting on his own behalf. This Court ruled that the sixty-day revocation period was essentially a statute of limitations provision and, analogizing to the tolling provision for disability in the statute of

limitations, MCL 600.5851; MSA 27A.5851, concluded that the revocation period was tolled until the disability was removed by the appointment of a personal representative. *Id.*, pp 249-250. This Court held that the plaintiffs' revocation of the agreement was timely because they filed the malpractice complaint on the same day they were appointed personal representatives. *Id.*, p 252.

Similarly in *Boiko v Henry Ford Hosp,* 110 Mich App 514; 313 NW2d 344 (1981), the plaintiff's decedent signed an agreement to arbitrate and subsequently died in the hospital. Thereafter, the plaintiff was appointed administratrix of the decedent's estate and filed a wrongful death action against the hospital.

This Court said that to strictly equate death with discharge from the hospital might result in injustice in cases where more than sixty days pass before appointment of a personal representative and noted that, in most cases, the legal representative would be prevented from taking advantage of the intended revocation period. *Id.*, p 520. However, because the plaintiff made no attempt to revoke the agreement within sixty days of the death or within sixty days of her appointment as the decedent's legal representative, this Court held that the agreement was binding. *Id.*, pp 520-521.

Defendants assert that we should follow the decision in *Osborne v Arrington,* 152 Mich App 676; 394 NW2d 67 (1986). In that case, the plaintiff mother signed an arbitration agreement on behalf of her newborn son, who was subsequently discovered to be mentally incompetent and suffering from brain damage, cerebral palsy, and mental retardation. The mother did not revoke the agreement within sixty days of the date she and the child were discharged from the hospital.

Thereafter, the parents of the child filed a mal-

practice action in circuit court. In reversing the trial court's denial of the defendant's motion to compel arbitration, this Court held that mental incompetence of the minor child at the time of the execution of the arbitration agreement did not toll the running of the sixty-day revocation period.

### III

We find that this case is more analogous to those cases involving the death of an adult patient resulting in the tolling of the sixty-day period until the appointment of a personal representative. We perceive a strong policy reason to maintain a consistent rule regarding revocation when the patient dies, whether the patient is an adult or a minor. That rule, as established by *DiPonio, supra,* and *Boiko, supra,* is that upon the death of a patient, the sixty-day period is tolled pending the appointment of a personal representative who is empowered to proceed with legal action on behalf of the estate, including the right to revoke the arbitration agreement.

We discern no persuasive reason to distinguish between revocation following the death of a minor and revocation following the death of an adult. In each case, it is the personal representative who has the authority to bring a wrongful death action. *Maiuri v Sinacola Construction Co,* 382 Mich 391, 393; 170 NW2d 27 (1969). A decision whether to revoke an arbitration agreement involves the question whether a wrongful death action should be brought. The personal representative is the proper party to make that decision.

Because the arbitration agreement in this case was revoked within sixty days of the appointment of the personal representative, we hold that summary disposition was improperly granted to defen-

dants. Because we reverse on this issue, we do not address the trial court's finding regarding the validity of the agreement.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.